## LETAH M. TATUM, Appellant, v. W. T. DAVIS, Respondent.

**Kansas City Court of Appeals, April 4, 1910.**

1. **DIVORCE: Custody of Children.** A mother of two girl children eleven and thirteen years of age was divorced from their father on account of his adultery. She was given the custody of the children. She afterwards married and went to reside in another State, taking the children with her. On an application to change the custody to the father it was shown that she had married a good and worthy man of competent fortune; that, the children were and would be well provided for in every proper way. *Held*, that it was error to take the custody of the children from the mother.

2. ———: ———: **Subsequent Marriage.** Where the mother secures a divorce for the fault of the husband and is awarded the custody of the children, her subsequent marriage and taking the children to reside with her husband is, of itself, not sufficient to cause a change of custody.

3. ———: ———: **Removal to Another State.** Where the mother, upon a decree of divorce in her favor, is awarded the custody of the children, remarries, and, with them, resides with her husband in another State, it is not of itself sufficient to justify a change of custody to the father, there being nothing in the decree preventing a removal beyond the jurisdiction of the court.

4. ———: ———: **Appeal.** An appeal will lie from the order of the circuit court changing the custody of children from that made when the divorce was granted; provided it is applied for at the term the order is made.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

REVERSED.

*Allen, Gabbert & Mitchell* for appellant.

(1) In determining the party in whose custody a child shall be placed after divorce of parents, the leading and paramount consideration is the interest, wel-

fare, happiness and comfort of the children. Knepper v. Knepper, 139 Mo. App. 493; Messenger v. Messenger, 56 Mo. 329; West v. West, 94 Mo. App. 683; Jennings v. Jennings, 85 Mo. App. 290; Lusk v. Lusk, 28 Mo. 91; Edwards v. Edwards, 84 Mo. App. 552; Brenneman v. Hildebrandt, 137 Mo. App. 82; Cole v. Cole, 115 Mo. App. 466; Abele v. Abele, 50 Atl. 686; Power v. Power, 58 Atl. 192; Haskell v. Haskell, 24 N. E. 859; Umlauf v. Umlauf, 21 N. E. 600; Kane v. Miller, 82 Pac. 177; Koontz v. Koontz, 65 Pac. 546; Luck v. Luck, 28 Pac. 787; Barlow v. Barlow, 90 S. W. 216; Irwin v. Irwin, 30 S. W. 417; People v. St. Clair, 86 N. Y. S. 539; Israel v. Israel, 77 N. Y. S. 912; Winston v. Winston, 72 N. Y. S. 456; Osterhoudt v. Osterhoudt, 59 N. Y. S. 797, 62 N. Y. S. 529; Draper v. Draper, 68 Ill. 17; Haley v. Haley, 14 Ark. 432; In re Bort, 25 Kan. 308; Brandon v. Brandon, 14 Kan. 342; Giles v. Giles, 30 Neb. 624; Corie v. Corie, 42 Mich. 459; Sturdevant v. State, 15 Neb. 459; Bush v. Bush, 37 Ind. 164. (2) Naturally and presumptively the mother is entitled to the custody and care of minor children—girls—of tender years. Luck v. Luck, 28 Pac. 787; Abele v. Abele, 50 Atl. 686; Brenneman v. Hildebrandt, 137 Mo. App. 82; Cole v. Cole, 115 Mo. App. 466; Messenger v. Messenger, 56 Mo. 329; Jennings v. Jennings, 85 Mo. App. 290; Israel v. Israel, 77 N. Y. S. 912; Winston v. Winston, 72 N. Y. S. 456; Osterhoudt v. Osterhoudt, 59 N. Y. S. 797, 62 N. Y. S. 529; Haley v. Haley, 14 Ark. 432; Wakefield v. Ives, 35 Iowa 238; Bush v. Bush, 37 Ind. 164. (3) Unless the mother is shown to have been guilty of gross misconduct necessarily affecting her moral qualities, children of tender age should be awarded to her. Haskell v. Haskell, 24 N. E. 859; Umlauf v. Umlauf, 21 N. E. 600; Jennings v. Jennings, 85 Mo. App. 290; Brenneman v. Hildebrandt, 137 Mo. App. 82; Irwin v. Irwin, 30 S. W. 417; People v. St. Clair, 86 N. Y. S. 539. (4) Even though the mother should be at fault in the divorce proceeding, and even had she

been guilty of adultery since the divorce, the instincts of motherhood and the sacrifice and devotion of a mother to her children constrain courts to award to her the custody of such children. Haley v. Haley, 14 Ark. 432; Bush v. Bush, 37 Ind. 164; Brandon v. Brandon, 14 Kan. 342; In re Bort, 25 Kan. 308; Draper v. Draper, 68 Ill. 17; Osterhoudt v. Osterhoudt, 59 N. Y. S. 797; Osterhoudt v. Osterhoudt, 62 N. Y. S. 529; Winston v. Winston, 72 N. Y. S. 456; Haskell v. Haskell, 24 N. E. 859; Edwards v. Edwards, 84 Mo. App. 552; Cole v. Cole, 115 Mo. App. 466; Messenger v. Messenger, 56 Mo. App. 329; Jennings v. Jennings, 85 Mo. App. 290; Brenneman v. Hildebrandt, 137 Mo. App. 82. (5) While it is true the stepfather, even though he loves and cares for these girls, cannot be to them as their own father; but naturally the company, comfort and advice of the mother is of greater value for good than that of the father. This fact is a potent one to turn the scale in favor of the mother. Kane v. Miller, 82 Pac. 177. (6) Grandparents and relatives are under no legal obligations to a child and therefore cannot be relied upon to do any more for the child than shall be prompted by affection, and this may vary with the age, condition, conduct and circumstances of the child and relatives. Power v. Power, 58 Atl. 192. (7) Courts will permit children to be removed from the State where such removal will be conducive to their health, happiness, comfort and welfare. Edwards v. Edwards, 84 Mo. App. 552; Brown v. Brown, 53 Mo. App. 453; Stetson v. Stetson, 15 Atl. 60; Brenneman v. Hildebrandt, 137 Mo. App. 82; In re Culp, 83 Pac. 89; Griffin v. Griffin, 55 Pac. 84; Luck v. Luck, 92 Cal. 653; Sturdevant v. State, 15 Neb. 459; Cummins v. Cummins, 29 Ill. 452; Osterhoudt v. Osterhoudt, 62 N. Y. S. 529; Bailey v. Schrader, 34 Ind. 260; Mercein v. People, 25 Wend. 64; Wakefield v. Ives, 35 Iowa 238. (8) All matters that are likely to affect the interests or health of the children, are properly introduced in

evidence, and it is error to exclude such matters. People v. Brown, 35 Hun 324; In re Pray, 60 Howard 174.

*James W. Boyd* and *Rusk & Stringfellow* for respondent.

ELLISON, J.—In January, 1908, in Buchanan county, plaintiff obtained a decree of divorce from defendant and also the custody of their two children. This proceeding was instituted by defendant for the purpose of modifying the decree so as to take the custody from the plaintiff and transfer it to defendant. Our statute permits such procedure. The circuit court, after due hearing, granted his prayer and took from plaintiff the custody, care and control of the children. She thereupon appealed.

It appears that notwithstanding plaintiff was granted the divorce, in January, 1908, for defendant's fault, on account of his adultery, that as early as October thereafter he sought measures to transfer the custody from the mother to himself and instituted proceedings, similar to the present, for that purpose. On account of improper procedure in that matter this court issued its writ of prohibition prohibiting Judge RAMEY, at that time judge of the Buchanan Circuit Court, from proceeding in the matter. [State ex rel. v. Ramey, 134 Mo. App. 722.] Afterwards the present proceeding was instituted, resulting in the order and the appeal above stated.

The record shows that the two children are girls, aged eleven and thirteen years. That plaintiff has married one B. B. Tatum, and that they reside with the children in Miami, in the State of Florida. Mr. Tatum is shown and is admitted to be a man in easy financial circumstances and of high character; and that his business, social and church connections are unexceptionable. The plaintiff, Mrs. Tatum, is conceded to be a pure and good woman, and an affectionate mother

to the two girls. That every care is being taken of them and that their present situation is that of happiness and contentment. That in the custody and control of the plaintiff their moral training and future welfare is assured.

On the other hand, defendant has no home of his own. He is living with his father and unmarried sisters. The father and sisters are conceded to be persons of the highest character and standing, having the respect and confidence of all who know them; yet it is apparent that, for all practical considerations, the children would be compelled to depend upon the affection and kindness of their aunts for the care and protection which young girls of their age require.

Confining ourselves for the moment to matters affecting plaintiff and defendant alone, we find that considerations in favor of the plaintiff, as the mother, vastly outweigh anything to be said in favor of defendant as the father. He is the guilty party and but for his misconduct this unhappy situation would not have come about. And it seems to us that after having brought the unfortunate conditions into existence, he should not persist in harassing the mother over the custody of her young daughters.

But, as said by us recently in Knepper v. Knepper, 139 Mo. App. 493, in the disposition of a child the wishes of the parents should receive only subordinate consideration; the welfare of the child is paramount. And that statement is justified by all works on domestic relations as well as adjudged cases. Therefore, with an eye single to the present and future of the children, we consider every advantage to be upon the side of the claim of the mother. She is not wanting in affection, character, ability, disposition or opportunity. The record shows that in her present residence every advantage for education, culture and health is at hand. While these things can be had at the place of residence of de-

fendant, yet there is no home there except that with the grandfather and aunts. It ought not to be anything less than dire necessity to their welfare that would take two young girls from a worthy and innocent mother and transfer them to a father without a home of his own and who would be compelled to depend upon his relatives for their care and protection.

It is evident from the argument of counsel, as well as the findings or statement of reasons for the order made by the trial court, that the fact that plaintiff has married Mr. Tatum and has removed to the State of Florida, influenced, in great degree, the change made in the custody.

Taking her marriage alone, it should have no bearing on the question. Yet we readily concede a remarriage might so alter the situation as to call upon a court to change the original order of custody. If, for instance, the remarriage was an unfortunate or unhappy one, entailing disadvantage, discontent, or improper treatment, or association, upon the children, it would present a case totally unlike what is shown to us in the present record, and would call for a different disposition. There being no legal or other impediment to the marriage and it being shown to be all that could be desired in the matrimonial relation, it ought not to affect the mother's status with her children.

We are thus left to consider whether the removal of the children beyond the jurisdiction of the court, should make a change of the custody necessary. We did not consider the fact of non-residence of the mother, who had again married, should prevent an award of custody of two girl children to her, in Brenneman v. Hildebrandt, 137 Mo. App. 82. But in that case the mother was living in another State at the time when the court awarded her the custody of the children. The custody of the children in this case was awarded to the mother at the time she obtained her divorce, and she was living with them within the jurisdiction of the

court. The decree does not, in terms, nor by implication, direct where she should reside, or where the children should be kept in the future. It does require that the father be allowed at all reasonable times to visit them "wherever they may be." If it had fixed upon a place where the children should be kept, it would have presented a case something like those of Miner v. Miner, 11 Ill. 43, and Campbell v. Campbell, 37 Wis. 206, and which we need not decide. But that the mere fact that the children are taken by the mother to reside in another State, is not an insuperable objection to her retaining their care and custody, we think there is no doubt. The test question, what is the best interest of the child, still remains. This view is supported by Adams v. Adams, 62 Ky. 168; Stetson v. Stetson, 80 Maine 483; Giles v. Giles, 30 Neb. 624, and Griffin v. Griffin, 18 Utah 98. In the latter case the mother's parents resided in Iowa, and the court said that "her welfare and the best interests of the child might demand a return to her parents and friends there, though outside of the State," and modified the decree of the lower court accordingly.

There is no merit in defendant's suggestion as to insufficiency of the abstract.

The point is made that an appeal does not lie from an order modifying a decree of divorce in so far as it concerns the custody of children. It is not well taken. The statute (sec. 2932, R. S. 1899) authorizes the court to entertain a petition for review touching alimony, maintenance and the custody of children. And section 2931 expressly provides that an appeal may be had from either a final judgment of divorce, or an order therein, if applied for during the term the judgment was rendered or the order was made. It reads: "No final judgment or order rendered in cases arising under this chapter shall be reversed, annulled or modified, in the Supreme or any other court, by appeal or writ

of error, unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered, or unless such writ of error shall have been issued within sixty days after the order was made or judgment was rendered."

The appeal in this case was taken at the term in which the order was made from which the appeal was taken.

The judgment is reversed. All concur.