[No. 17976.  Department Two.  October 2, 1923.]

BERNADETTE KIRBY (now *Bernadette McCluskie*), Appellant, v. W. L. KIRBY, *Respondent*.[1]

DIVORCE (104)—DECREE—CUSTODY OF CHILD—MODIFICATION OF ORDER.  A decree of divorce, awarding the custody of a child to the mother and prohibiting its removal from the state, should be modified, where the mother had remarried and her husband had an opportunity to better his conditions by removing to New York and the best interests of the child would be promoted thereby.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered January 12, 1923, upon findings in favor of the defendant, denying an application. to modify a divorce decree respecting the custody of a child, tried to the court.  Reversed.

*Elias A. Wright* and *Sam A. Wright,* for appellant.
*Henry Conger,* for respondent.

MAIN, C. J.—This was an application by the plaintiff to modify a divorce decree covering the matter of the. custody of a minor child of the parties.  A trial was had and an order entered denying the application for modification, and the plaintiff appeals.

The appellant and the respondent were married on April 8, 1912, and as a result of this marriage one child was born, a daughter named Lois, now ten years of age. They were divorced on August 16, 1917, the decree providing, as subsequently modified, that the appellant should have the custody of the child at all times during each school year and that the respondent, the father, should have the custody during the summer vacations from the close of the school year in the spring until the opening of school in the fall and also for one week during the Christmas vacation.  The amended decree fur-

[1]Reported in 219 Pac. 27.

ther provided that the appellant should not remove the child from the jurisdiction of the court without the consent of the respondent, or by order of the court, and further that the appellant should not remove her from Pierce or King county without the written consent of the respondent or the order of the court.

On November 28, 1918, the appellant was married to E. G. McCluskie, a man whom she met for the first time subsequent to her divorce from the respondent. The appellant and her present husband are now residing in Seattle, King county. The respondent resides in Tacoma, Pierce county. On September 23, 1922, the appellant petitioned the superior court of Pierce county that the decree be so modified that she and her present husband would be permitted to take the child to New York where they desired to locate. Mr. Mc-Cluskie, the present husband, has a brother in New York who conducts an established and successful business and it is the desire of this brother that the appellant's husband come to New York and become associated with him in that business. Mr. McCluskie, the child's stepfather, has a real affection for the child, much the same as though she were his own. Mrs. McCluskie, the appellant, will not accompany her present husband to New York if the decree is not modified, as she will not leave this state without her child. The divorce decree provided that the respondent should pay the sum of fifteen dollars per month for the use and benefit of the child.

On November 6, 1922, when the decree refusing the modification requested was entered, the respondent had been in arrears in the payment of the fifteen dollars a month since the month of May, 1921. He gave as an excuse that his business had suffered some depression and for that reason the payments had not been made. Upon the oral argument in this court, it

was stated by the attorney for the appellant that she would be willing to enter into a bond to return the child to the respondent each year for the summer vacation as provided for in the decree now in force.

In cases of this kind, the matter of first importance is the welfare of the child. If the stepfather can improve his business connections and associations, he treating the child as though it were his own, a better business connection cannot help but have a resultant beneficial effect in so far as the child is concerned. The respondent has not remarried since the decree of divorce, but maintains a home with his two sisters, young women, both of whom are employed a greater portion of the time. If the decree is not modified permitting the child to be taken to New York, it would result either in Mr. McCluskie's remaining in Seattle when better business connections would dictate his going to New York, or that he would be required to maintain his family in the state of Washington while he resided in New York. This would be in effect breaking up the family which undoubtedly, as shown by the evidence, is a happy and congenial one. Courts have not hesitated to permit a parent to whom a child has been awarded in a divorce action, to take it to another state, or even to a foreign country, when the best interests of the child would be promoted thereby. *In re Krauthoff,* 191 Mo. App. 149, 177 S. W. 1112; *Tatum v. Davis,* 144 Mo. App. 125, 128 S. W. 766; *Stetson v. Stetson,* 80 Me. 483, 15 Atl. 60.

It seems to us that, under all the facts of this case, the best interests of Lois Kirby would be subserved by permitting her mother and her stepfather to take her to New York, where the present successful family relations can be continued.

The superior court is directed to enter an order as follows: First, permitting the child to be taken to

New York; second, relieving the respondent from all alimony, past, present and future; third, requiring the appellant to give bond in the sum of $1,000, to be approved by the clerk of the superior court for Pierce county, that she will return the child to the respondent at Tacoma, Washington, on July 1st of each year, where she will remain for two months, provided that the respondent forwards to the appellant sufficient money to pay the transportation of the child from New York to Tacoma and return each year; and fourth, eliminating from the decree the provision permitting the respondent to have the custody of the child one week during Christmas holidays.

PEMBERTON, PARKER, FULLERTON, and TOLMAN, JJ., concur.