Marion K. KLOTT, an infant, by Helen Powell, next friend, Respondent,

v.

Joe KLOTT, Appellant.

No. 23705.

Kansas City Court of Appeals.

Missouri.

Feb. 4, 1963.

Edwards, Wright & Seigfreid, Jerome W. Seigfreid, Mexico, for appellant.

Bear & Hines, David V. Bear, Columbia, for respondent.

SPERRY, Commissioner.

This action was instituted by Marion K. Klott against Joe Klott, her divorced husband, seeking modification of the decree granting plaintiff and defendant, alternately for six months, custody of their son, Stephen, with the provision that whoever does not have the custody during any period shall have visitation privileges on the first and third week ends. Plaintiff seeks full time custody. Defendant filed a counter motion seeking full time custody. The court adjudged that custody should continue as originally ordered except that, during any period of time when plaintiff should be or reside outside of the state of Missouri, defendant should have custody of the child. Plaintiff appeals.

Plaintiff sued for and obtained a divorce from defendant in October, 1960. The court entered an order as above specified, touching custody of Stephen, who was then one and one-half years of age. In January 1961, plaintiff was married to a Mr. Dotson and, about April 5, 1961, she gave birth to a child. From the testimony and from inferences to be drawn therefrom plaintiff was pregnant at the time of her divorce, and Mr. Dotson, her present husband, is the father of that child.

At the time this trial was had, October, 1961, plaintiff and her husband were residents of St. Cloud, Minnesota, to which location she had taken Stephen without benefit of court order. However, she had returned the child to this jurisdiction prior to the hearing.

Plaintiff's own testimony was all that she offered. It was to the effect that defendant, on one occasion, after the divorce, had been charged with and convicted of being intoxicated while operating a car. Defendant admitted the offense and stated that it occurred while attending a V.F.W. dance at Fulton. There was substantial evidence to the effect that defendant had been steadily employed for many years with a road building company; that he is a steady worker and, except for the one occasion mentioned, sober; that, since the divorce, he and Stephen live at the home of a married sister in St. Louis when Stephen is with him; that the home is adequate from every standpoint; that he attends church regularly with his son; that his sister maintains a fine, Christian home, in a modern six room house, with a large fenced in yard, which she occupies with her husband, and three daughters several years older than Stephen; that plaintiff spends his evenings at home playing with his son, seldom goes out, and does not drink, at least excessively; that sometimes he and his son spend week ends at his parents farm home, near Fulton, Missouri. From the record, we can see nothing to criticize regarding defendant's qualifications as custodian of his child.

Plaintiff lives with her husband and baby at St. Cloud, Minnesota. Aside from the inferences concerning the birth and fatherhood of that child, there appears to be nothing that reflects on her as a mother.

However, Stephen is well cared for by his father, who has done nothing which should cause him to be denied the compan-

ionship of his son. Yet, if plaintiff is granted full time custodial rights, defendant, a working man with a modest income, will, in effect, be denied even the right to visit his son because he will be in Minnesota; and, if the previous order of divided custody should be continued, there would be alternating periods of six months when defendant would be unable to visit Stephen.

Of course, always, the courts should seek a solution in child custody cases which is for the best interests of the child. In doing so, many times, one or the other parent is hurt. But such a result is primarily due to the failure of the parties to the marriage, or of one of them, not to the courts.

In this case, the trial judge is familiar with all facets of this case. He heard and saw the parties and witnesses in both trials. We cannot find error in the judgment.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.