**Fred J. GOOD, Plaintiff-Appellant,**

v.

**Clara F. GOOD, Defendant-Respondent.**

No. 31821.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1965.

Gerritzen & Gerritzen, Ray A. Gerritzen, St. Louis, for plaintiff-appellant.

Edward J. Wynne, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

This is an appeal by plaintiff, Fred J. Good, from a post decretal order granting defendant permission to remove the minor children of the parties to another state.

A decree of divorce was rendered in favor of plaintiff by the Circuit Court of the City of St. Louis on November 14, 1961. By the same decree the court awarded custody of the minor children, Linda and Keith, to defendant, granted reasonable visitation rights to plaintiff, and ordered plaintiff to pay defendant $17.50 per week for the support of each child. On November 1, 1962 defendant married David J. O'Leary, and her name is now Clara F. O'Leary. At that time Mr. O'Leary was the district manager of the industrial division of J. I.

Case Company, located in St. Louis, his territory covering the states of Missouri, eastern Kansas and western Illinois. Subsequently his employer advised him that he would be transferred to Florida. In anticipation of the actual transfer, defendant filed a motion on January 25, 1963 in which she alleged that Mr. O'Leary was to be transferred, that he had purchased a home at Winter Park, Florida, and prayed for an order granting her permission and authority to take Linda and Keith to that state.

The hearing on defendant's motion was held on June 13, 1963. Defendant's evidence established that Linda and Keith were then 4 and 2 years of age, respectively; that she had always properly cared for them; that Mr. O'Leary had been transferred to Florida on May 1, 1963, and had purchased a three-bedroom home in Winter Park, pictures of which were introduced in evidence; and that Mr. O'Leary had had some experience with young children and was fond of Linda and Keith. Defendant conceded that plaintiff had faithfully made his payments for the support of the children, and stated that about once every two months plaintiff "picked up" Linda and took her out.

Plaintiff testified that he hand delivered the support money to defendant at her home each week, and would visit with the children for from 15 to 30 minutes on such occasions; that every couple of months he took Linda to a parade or picnic, has visited her on Christmas Eve and Easter, and still desires to visit with his daughter once a week; that he was a service manager for an automobile agency and had earned $6700 in 1962; that he only gets two weeks vacation a year; and that he did not want Linda to live in Florida with O'Leary. Shirley Mae Good, plaintiff's present wife, testified that she had observed the children at various times and that the little girl says only a few words.

On the plea that the defendant desired to leave with the children for Florida on Saturday of the week in which the hearing was held the court made a temporary order permitting her to do so provided that plaintiff filed a bond in the amount of $500 conditioned upon the return of the children to the state of Missouri. Thereafter, on September 23, 1963, the court entered an order sustaining defendant's motion to remove the children to Winter Park, " * * * until the further order of the Court, this Court retaining original jurisdiction of this cause and these minor children." The order was conditioned on the defendant giving a performance bond in the penal sum of $500, with surety to be approved by the court, judge or clerk in vacation, "for the faithful compliance with this order or any further order as this Court may order or decree." Defendant raised no question in the trial court regarding its authority to require a bond, and raises none now. See Jeans v. Jeans, Mo.App., 348 S.W.2d 145. The record shows that she filed the bond, with the Resolute Insurance Company as surety, and that it was approved by the court.

In form, plaintiff raises only one point in his brief. In fact, however, we discern at least four in his page-long assignment of error. The first is that the evidence showed that defendant had no intention of returning the children to Missouri if ordered to do so. Plaintiff misconstrues defendant's testimony. A fair reading of the transcript reveals that the defendant twice stated that she would return the children to Missouri so that they could visit plaintiff if the court entered such an order. Mr. O'Leary also testified to the same effect.

Plaintiff's next contention is the abstract statement that the law of Missouri favors the children remaining in the jurisdictional area of the court. In support thereof plaintiff quotes that part of our opinion in Baer

v. Baer, Mo.App., 51 S.W.2d 873, 878, in which we said:

"Generally speaking, it is against the policy of the law to permit the removal of a minor child to another jurisdiction, due principally to the fact that upon the entry of a decree of divorce, the child becomes the ward of the court, and that upon its removal to another state, any subsequent order made pursuant to the court's continuing jurisdiction may be difficult, if not impossible, of enforcement. * * * "

But plaintiff conveniently ignores the remainder of the same paragraph, in which we stated:

" * * * However, the obstacle of nonresidence is not to be regarded as an insuperable one; and notwithstanding the fixed policy of the courts, the removal of a child will nevertheless be permitted in those instances where it is made clearly to appear to the court that the best interests of the child itself will be thereby subserved. State ex rel. Shoemaker v. Hall (Mo.Sup.) 257 S.W. 1047; Conrad v. Conrad, supra [Mo. App., 296 S.W. 196]; Wald v. Wald, 168 Mo.App. 377, 151 S.W. 786; Sanders v. Sanders, supra [223 Mo.App., 14 S.W.2d 458]; Rone v. Rone, supra [Mo.App., 20 S.W.2d 545]; Jennings v. Jennings, 85 Mo.App. 290; Meredith v. Krauthoff, supra [191 Mo.App. 149, 177 S.W. 1112]; Hartman v. Hartman, supra [Mo.App., 28 S.W.2d 414]; Tatum v. Davis, 144 Mo.App. 125, 128 S.W. 766."

In accordance with that test, our courts have readily permitted children to be removed to another state, Fago v. Fago, Mo. App., 250 S.W.2d 837; Graves v. Wooden, Mo.App., 291 S.W.2d 665, and even to a foreign country, Lane v. Lane, Mo.App., 186 S.W.2d 47, when it appeared that it

was to their best interests to do so. Conversely, they have denied permission when such interests would not be served. Baer v. Baer, supra; Dupree v. Dupree, Mo. App., 357 S.W.2d 241; Klott v. Klott, Mo. App., 364 S.W.2d 643.

█ It is also insisted by plaintiff that no facts constituting extraordinary circumstances or changes in condition were shown which warranted the order made. We cannot agree. In fact, in the light of the problem presented to the court we fail to see what other decision could have been made. On behalf of defendant it was shown that she had entered into a second marriage, with an experienced business man occupying a position of responsibility with a large concern. The exigencies of his employment required him to leave St. Louis and establish his residence in Florida, where he had purchased a comfortable home for defendant and her children. Defendant, of course, wished to reside with her present husband, and to take Linda and Keith with her. Both children are at those tender ages when, all things being equal, it is the policy of the courts to place minors of their years in the custody of their mother. Oliver v. Oliver, Mo.App., 325 S.W.2d 33. They have, in fact, been in the exclusive care, custody and control of defendant since the decree of divorce was granted, and, in the case of Keith, almost since his birth. Plaintiff conceded that he had considered defendant to have been "a good mother" to the children during the time of their marriage, and the record is utterly devoid of any evidence that she has neglected or failed to properly care for the children since the marriage was dissolved. On the other hand, plaintiff's approach to the problem presented was entirely negative. He opposed defendant's request for permission to remove the children to Florida, but he offered no alternative solution regarding their custody. Although he has also remarried, plaintiff presumably

did not want to assume the responsibility and burdens of the care, custody and control of the children, either in whole or in part, for he filed no counter-motion to that end. Thus the court was faced with the choice of permitting defendant to remove the children to Florida, where her present husband resides, and where the children can be raised in a normal, homelike atmosphere; or of denying defendant's motion, which would have required defendant to separate from her present husband and continue to reside in St. Louis with the children, or, possibly, to abandon the children and follow her husband to Florida. We think that under the circumstances the court's decision was eminently correct.

 Plaintiff's final point is that it is to the best interests of the children to continue to visit and to know their father, and that the effect of the order is to deprive plaintiff of his rights of visitation. We thoroughly agree that ordinarily it is to the best interests of the children to continue to receive the benefits to be derived from association with both parents, when both are proper persons. Patterson v. Patterson, Mo.App., 375 S.W.2d 614; Lewis v. Lewis, Mo.App., 301 S.W.2d 861. But it is obvious that under the peculiar circumstances existing in the instant case the pattern of short, weekly visits with the children which plaintiff had heretofore followed, together with occasional outings, must yield to what from a comprehensive viewpoint is requisite for the welfare and best interests of the children. For in all proceedings involving the custody of children the welfare and best interests of the minors is the paramount consideration, to which all others must submit. In re Duncan, Mo., 365 S.W.2d 567; Hirsch v. Hirsch, Mo.App., 366 S.W.2d 484; C v. B, Mo.App., 358 S.W.2d 454. It is pertinent to point out that by a counter-motion plaintiff could have requested the court to award him temporary custody of the children at suitable times during the year. Both defendant and her present husband testified to their willingness to comply

with any order the court might make regarding the return of the children to Missouri. However, plaintiff did not make any request for such relief in the trial court, and does not seek it here.

The judgment should be affirmed, and the Commissioner so recommends.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

RUDDY, P. J., WOLFE, J., and SAMUEL E. SEMPLE, Special Judge, concur.