Jeanne Gertrude **KANADY**, Respondent,

v.

Berlin L. **KANADY**, Jr., Appellant.

No. 27517.

Missouri Court of Appeals,
Kansas City District.

Sept. 2, 1975.

G. L. DeLapp, Jr., Cameron, for appellant.

William Rosenthal, St. Joseph, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

The parties to this action were divorced on February 15, 1973, and under the decree the mother-respondent was awarded the custody of the two minor children, a child support award of $225.00 per month, and the appellant-husband was given rights of visitation.

On June 11, 1974, the father filed his motion to modify this decree and asked that he be awarded the custody of the older child, Thomas Bruce Kanady, born October 11, 1957, and that upon such change of custody the child support award be reduced from $225.00 per month to $112.50 per month. As grounds for such motion, he alleged that there had been a change of circumstances since the original decree, in that the boy was presently residing with him; that he refuses to live with his mother

(respondent); that he desires to live with his father (appellant); and that the boy's best interests require the modification of the custody award.

On July 11, 1974, the mother filed her cross-motion to modify the decree, in which she alleged that the father had induced Thomas to leave her home, refused to let him return, asked for an order compelling the father to return the son to her, asked for an increase in the child support award, and for attorney's fees. By answer to the cross-motion, the father denied the allegations therein.

A hearing was had in the court below on July 26 and July 27, 1974, at which the father, Thomas, and the mother all testified at length. At the conclusion of the hearing, the court below overruled the Motion to Modify and the Cross-Motion to Modify; ordered Thomas to return to his mother's home; granted visitation rights to the father; ordered the father to keep medical and hospitalization insurance in force for the benefit of Thomas and his sister; and, allowed the mother $350.00 in attorney's fees. From that judgment, this appeal was taken.

Some preliminary observations are in order before the merits of this appeal are reached.

The appellant's brief herein does not even substantially comply with the requirements of Rule 84.04, and is of little help to this court. His jurisdictional statement [Rule 84.04(b)] shows that the appeal is taken from a judgment of "Division No. 1 of the Circuit Court of Jackson County, Missouri, Riederer, J." Respondent's brief, however, supplies a correct jurisdictional statement. Leave was given at oral argument for appellant to file an amended jurisdictional statement, but such has not been forthcoming.

Appellant's statement of facts [Rule 84.-04(c)] is inadequate to give this court a view of the evidentiary record in this case, and unduly emphasizes evidence favorable to appellant, and is completely misleading as to the attitude of the trial judge, as demonstrated by the whole record.

The brief contains an "Assignment of Error", no longer required or desirable under Rule 84.04 which is completely argumentative.

The two "Points and Authorities" [Points Relied On, Rule 84.04(d)] cite one case and one section of the statute, and thus impose upon the court the entire burden of research.

■ Regardless of these deficiencies in appellant's brief (which in other types of actions would justify dismissal of the appeal *sua sponte*), the record has been carefully studied and the research accomplished for the reason that the interests and welfare of a minor child are involved. The conclusion has been reached that the judgment below should be affirmed.

The two points raised by appellant are: (1) the trial court erred in its refusal to consider the wishes of the boy, Thomas; and (2) the trial court erred in its failure to consider evidence of interaction of the child with his parents, his sibling and with the community in general.

■ Since the motions to modify were filed, and the judgment appealed from was entered, after the effective date of the Dissolution of Marriage Act, Chapter 452 RSMo 1969 (Laws 1973, effective January 1, 1974), the statutory terms of that act are applicable. Section 452.415(2) RSMo 1969.

That act contains a section which sets forth guidelines for the trial court's use in determining custody of a child, Section 452.-375, upon which the appellant bases his claims of error. This section provides:

"Factors to be used in determining custody of child

The court shall determine custody in accordance with the best interests of the child. *The court shall consider all relevant factors including:*

(1) The wishes of the child's parents as to his custody;

(2) The wishes of a child as to his custodian;

(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school, and community; and

(5) The mental and physical health of all individuals involved." (Emphasis supplied)

Another section of the act pertinent here is Section 452.410, which provides:

"Custody decree, modification of, when

The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."

■ These sections of the Dissolution of Marriage Act codified the long existing decisional law in this state, and such decisions are therefore still efficacious and authoritative.

■ It has long been the rule in this state that in custody proceedings, if the child involved is of sufficient age to form and express an intelligent preference as to which parent should be awarded custody, he should be permitted to do so, and the court should consider such statement of preference along with all the other facts and circumstances before it. *Smith v. Smith,* 435 S.W.2d 684, 687[7] (Mo.App.1968). However, a necessary corollary to that rule is that the preference and wishes of the child should be followed only if the welfare and interest of the child, as determined by all the evidence, are consistent with that preference. *Fordyce v. Fordyce,* 242 S.W.2d 307, 313[2] (Mo.App.1951); *Graves v. Wooden,* 291 S.W.2d 665, 668–669[4] (Mo. App.1956); *J. v. E.,* 417 S.W.2d 199, 204[11] (Mo.App.1967). The provisions of Section 452.375(2), *supra,* are entirely consistent with these authorities.

■ The interests and welfare of the child remain the ultimate goal of paramount importance in such proceedings.

But appellant states in his brief in the statement of facts that "The Court refused to permit Thomas Bruce Kanady to testify as to his desire of custodial parent (Tr. 105)." The record does not support that assertion.

At the outset of the hearing, the father-appellant appeared *pro se* and placed his son on the stand as his first witness. The following appears:

"Q (By the father)  Which parent would you prefer to live with?

A (By the son)  You."

The record then discloses that present counsel for appellant was in the courtroom advising with the appellant, and upon being interrogated by the court as to his function in the proceeding, he orally entered his appearance as counsel of record for appellant and took over that role for the balance of the proceeding.

■ Both the father and mother testified at length, and even aside from the direct testimony of the son, above quoted, it is unmistakably clear that his preference was to live with his father and that his father be awarded his legal custody. However, counsel for appellant placed the boy back on the stand in "rebuttal" and attempted to again elicit his preference, and the court sustained an objection. This was clearly not a refusal to permit the boy to state his preference, but simply a refusal to permit him to *restate* such preference, a fact by then crystal clear from the boy's and other testimony before the court.

That such preference is established in the record is in truth conceded by appellant, for the reason that his first point relied on charges that the court erred in its "refusal to *consider* the wishes of the child", an

entirely different charge than that the court refused to permit the boy to *express such wishes.*

■ There is nothing in the record to indicate that the court below did not consider the wishes and preference of the boy along with all the other factors in evidence, in the exercise of its discretion as to the custody of the boy. The court did make it emphatically clear to the parties that the ultimate responsibility for this decision rested with it and not with the father, mother, or the boy. Appellant's first point is ruled against him.

■ The appellant's second point is that the court failed to consider the "interaction of the child with his parents, his sibling and with the community in general", as required by Section 452.375(3), (4) and (5), supra. This area was fully covered in the hearing and there was much conflicting evidence. No useful purpose would be served by reiteration of such evidence in this opinion. Again, suffice it to say, that there is nothing in this record to indicate in any way that the trial court failed to consider and weigh all of this evidence in the judicial exercise of its discretion in arriving at its ultimate judgment. Indeed, the presumption that the trial court did consider all the evidence and decreed the custody of the boy by what it believed to be his best interests must be indulged and its determination thereof should not be lightly disturbed. *L____ E____ (S____) v. J____ A____ E____,* 507 S.W.2d 681, 684[4] (Mo.App.1974); *J. L. W. n/k/a (sic) J. L. P. v. D. C. W.,* 519 S.W.2d 724, 729–730[8, 9] (Mo.App.1975); *Larison v. Larison,* 524 S.W.2d 159, 160–161[1, 2], (Mo.App.1975).

■ ■ The function and scope of appellate review in this type of action are to review both the law and the evidence, and to make our own findings and conclusions. However, "initially, the determination of all factual issues rests with the trial court and due deference to its findings will be accorded unless they are clearly in conflict with the preponderance of the evidence or disclose an abuse of discretion." *C____ C____ v. J____ A____ C____,* 499 S.W.2d 809, 811[2, 3] (Mo.App.1973). The appellant's second point is ruled against him.

■ The duty of the court below (and of this court) in determining the award of custody of minors so as to preserve their welfare and best interest is always a difficult one. In a case of this nature, concerning a boy of this age, who expresses a definite preference as to his custodian, it is particularly onerous and fraught with unknown consequences. However, a concentrated study of this record shows that the decision of the court below was supported by competent evidence, and no abuse of discretion appears.

The judgment is accordingly affirmed.

All concur.