**Paula PENDER (Rubio), Respondent,**

v.

**Sharlie PENDER, Appellant.**

**No. WD 30530.**

Missouri Court of Appeals,
Western District.

April 7, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1980.

Application to Transfer Denied
June 10, 1980.

Sharlie Pender, pro se.

Arthur A. Benson, II, Kansas City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

PRITCHARD, Judge.

The issue concerns the propriety of the trial court's order modifying appellant's visitation rights with his son and in permitting the son to be removed by his custodial mother to the state of Colorado, where she resided with her present husband.

Pursuant to the original decree of September 23, 1974, appellant was granted certain visitation rights which proved to be insufficient to both parents, and which resulted in a modification of September 15, 1977, providing, by stipulation of the parties, that the son's custody be continued with respondent, and gave appellant, in

substance, visitation rights with the son: every other weekend from 6:00 p. m., Friday, to 6:00 p. m., Sunday, during the school year; four days on alternate Thanksgiving days; four days on alternate Easter holidays; two weeks every other Christmas to include New Year's; and six consecutive weeks each summer.

Respondent then sought leave of court to move the son who was 9½ years of age, to Colorado where her husband, Phillip Rubio, had more permanent, steady employment. Trial was had on this motion September 11, 1978. Respondent had lived in Denver, Colorado, as a child, had visited there several times in the last few years, and she had an aunt and two cousins there, one of whom has a son the same age as these parties. Respondent would then be closer to her parents who live in Oregon, and the drier climate of Denver would be beneficial to her allergies and bronchitis. The home in Denver is on a quiet residential street, eight blocks from a public school which has a good curriculum and is well kept up. Denver offers excellent recreational opportunities such as camping, hiking and skiing, and the son enjoys going up into the mountains. Although he misses his old friends, he is making new friends in Denver. Dr. Barbara Buchanan, M. D., a specialist in child and adolescent psychiatry, saw the son before trial, and testified that he appeared to be adjusting well to his new surroundings. Her comment was that he would successfully make that adjustment if his parents would also do so, and her opinion was that the best interests of the son would be that his custody remain with respondent but with expanded, longer visits with appellant because of greater infrequency and distance, so that the son could continue his close relationship with appellant. Respondent testified that she was agreeable to those adjustments in appellant's visitation rights.

To respondent's motion for leave to remove the child to Colorado, appellant responded with a motion to change custody to him, he opposing moving the child to another state believing it was an attempt to terminate his visitation with the son. He also wanted the son enrolled in a private school in Kansas City, not a public one in Denver. He had been unaware that respondent had intended to move to Denver until he returned the son to her after his summer visitation. Appellant works as a system analyst for Vaughn Computer Systems, and at the time of this hearing, he was a full-time student at UMKC law school. Respondent is a housewife. Appellant testified that he has remarried and that the son gets along well with his wife. He conceded fault in the bickering which led to the first modification in visitation rights, which he found to be satisfactory. Appellant intensely dislikes respondent's present husband, disagreeing with his political views which he believes are not a good influence on the son. There had been some pushing matches between the two of them.

By the court's order, respondent was permitted to remove the son to Denver, and appellant was granted these new visitation rights: Beginning three days after termination of the school year, and ending seven days before the beginning of the following school year; should respondent visit Kansas City during the summer months, she is to have visitation rights for each weekend from 6:00 p. m., on Friday, to 6:00 p. m., on Sunday, but if her stay in Kansas City is more than two weekends, her visitation shall be every other weekend; appellant shall have visitation rights with the son for one week each Christmas holiday, which is to be his choice of either Denver or Kansas City; appellant shall, at his choice of either Denver or Kansas City, have visitation rights for the spring vacation each year; visitation any weekend that the son shall come to Kansas City for any reason, from Friday at 6:00 p. m., until Sunday, 6:00 p. m.; and visitation any other times that the parties may agree.

■ Appellant contends that the trial court erred in allowing the son to be removed from the jurisdiction because respondent first failed to prove: changed circumstances; that the move would be in the best interests of the child; and that the court

failed to give proper consideration to the policy of the law against removing minor children to another state. *Girvin v. Girvin*, 471 S.W.2d 683 (Mo.App.1971), rules that first contention. There, the mother and custodian of a three year old child had remarried, and she and her new husband desired to move to California so that he could complete his education. The court found that such a change in conditions entitled the mother to modification permitting her to move the child, saying, p. 685, "Concerning what facts must be pleaded and proved to constitute a change in condition that would warrant the court to allow removal, the facts of remarriage, past custody of child by the moving party, the need of the parent to move from the state, and the tender age of the child are sufficient and warrant such an order to be made. *Good v. Good*, Mo.App., 384 S.W.2d 98, 100[1]."

The court had testimony from Dr. Buchanan that the son's custody should remain with respondent. The son is of tender years. It follows that there was evidence that the son's best interests would be served by permitting the move, to which additionally are facts that respondent would be supported by her new husband in Colorado, which has a more healthful climate for her; the respondent and her husband live in a nice neighborhood close to schools, and there are sources of recreation in the Denver area. *Baer v. Baer*, 51 S.W.2d 873 (Mo.App.1932), discusses the policy of the law not to permit removal of a child from the jurisdiction, and although finding that a move to New York would not be in the best interests of the child under the evidence, noted at page 878[5, 6], "However, the obstacle of nonresidence is not to be regarded as an insuperable one; * * *." Thus, the issue must turn on the evidence in each case. Nothing here indicates that the trial court was wrong in its order permitting the son's removal.

Appellant contends that the trial court erred in failing to interrogate the child concerning his wishes as to which parent should have his custody under § 452.375, RSMo 1978. Neither party requested that the court interview the child. But aside from that, the further testimony of Dr. Buchanan was that she saw the child shortly before this trial, and in her opinion, he was in conflict respecting loyalty to both his parents, loving them both, and that he would say to each what he thought they wanted to hear. She did not think that a 9½ year old child really knew what was in his own best interest. The son's position has always been that he does not want to make the choice as to where to live, and he was concerned about perhaps having to talk to the judge. Under these circumstances, it was not incumbent for the trial court sua sponte to interview the child. Besides, see *In re Marriage of Cavitt*, 564 S.W.2d 53 (Mo.App.1978), where the trial court was upheld in its disregard of the wishes of an 8 year old girl to live with her father; *J.L.W. v. D.C.W.*, 519 S.W.2d 724 (Mo.App.1975), where it was held that if the trial court has some basis to believe that requiring the child to be interviewed would be detrimental to its best interests, the court may exercise its discretion in refusing the interview; *Johnson v. Johnson*, 526 S.W.2d 33 (Mo.App. 1975), where it was held to be no error to refuse to interview children of the tender ages of 4 and 6; and see *Hild v. Hild*, 221 Md. 349, 157 A.2d 442 (1960); and *Kanady v. Kanady*, 527 S.W.2d 704 (Mo.App.1975).

All of the foregoing, bearing upon the consideration, under the evidence, of the best interests of the child disposes of appellant's further contention that the trial court should have awarded him custody of the son. Appellant's former visitation rights were not interfered with because those rights were expanded in the present order.

The judgment is affirmed.

All concur.

*On Motion for Rehearing*

PER CURIAM:

In the motion for rehearing, and alternatively to transfer this case to the Supreme Court of Missouri, appellant correctly says that the court failed to rule respondent's motion for damages for frivolous appeal for

her attorney's fees and costs incurred by her in that matter. Appellant also moved for $200.00 allowance for his fees in answering respondent's motion. The issues presented are viable, as evidenced by the opinion herein, and no frivolity is evident. Respondent's motion is denied, and appellant's motion for expense allowances is likewise denied.

Other matters in appellant's motion for rehearing, and alternatively to transfer to the Supreme Court, have been considered and are respectively overruled and denied.