[No. 36748.    Department Two.    January 30, 1964.]

PATRICIA LEE SANDERS, *Respondent*, v. NED M. SANDERS, *Appellant.**

*Reported in 388 P. (2d) 942.

*Ruff & Potter,* for appellant.

*Lawrence M. Ross (of Griffin, Boyle & Ross),* for respondent.

FINLEY, J.—This is a divorce action, brought by the plaintiff-respondent wife, Patricia Lee Sanders, against the defendant-appellant husband, Ned M. Sanders. The first question in this appeal is whether the trial court acquired personal jurisdiction over the husband (a nonresident not personally served in this state) solely by reason of the various acts of the husband's attorney in defending the action in the lower court.

In April 1960, the respondent wife moved to Tacoma, Washington, with her minor son, Kent Sanders, in connection with the transfer of the appellant husband to a new duty post with the Air Force. From this time forward, she lived separately from her husband and in April 1961, commenced a divorce action against him in Pierce County. The cause came on for trial in December 1961, but was

dismissed upon a voluntary nonsuit after the court announced that the plaintiff wife would be denied a divorce.

Immediately after the dismissal of the action, the husband took the minor child of the parties and repaired to his home in South Carolina. The wife started the instant divorce action in Pierce County, Washington, and the husband instituted divorce proceedings in South Carolina. The difficulties mounted as the wife appeared specially by attorney in the South Carolina action, after first going to that state and bringing the minor child back to Washington. The husband, for his part, became involved with the Washington action in a rather unique manner, which, basically, presents the difficulties in the present appeal.

After the complaint of the wife was personally served on the husband in Boulder, Colorado, the attorney who had previously represented the husband (and who *happened* to be at the Pierce County court on default day) was "for convenience" appointed to represent the husband under the Soldiers and Sailors Civil Relief Act. In this connection, the attorney stated that he had no authority to enter a "general appearance" for his client, but would consent to serve under the Act in that function akin to a guardian ad litem, which is a condition precedent to the taking of any default judgment against a serviceman not otherwise represented.

Thereafter, although he continuously asserted that he acted only as a court appointed attorney under the Soldiers and Sailors Relief Act and, further, that he was still appearing "specially," the attorney made extensive efforts on the behalf of his client. The extent of these efforts and the fact that the attorney was employed by the husband on a regular fee basis prompted the trial court to make the following finding of fact, as to which error is assigned in this appeal:

"That Martin L. Potter, attorney for the defendant, was originally appointed to represent said defendant under the Soldier's and Sailor's Civil Relief Act; that since that occasion, the defendant has by his payment of costs and attorney's fees herein arranged for personal representation through the said Martin L. Potter, and has impliedly authorized, and did later ratify the actions taken by the said

Martin L. Potter herein, on his behalf, which actions by moving for:

"1. Change of venue;

"2. For a motion to dismiss on non-jurisdictional grounds;

"3. For a writ of prohibition in the Supreme Court of the State of Washington on non-jurisdictional grounds; and

"4. For a motion for stay of proceedings under the Soldier's and Sailor's Relief Act on non-jurisdictional grounds; constituted a general appearance in this cause."

In this finding the judge used terms of special and general appearances, as did the attorneys. Actually, the finding is twofold, and can be expressed a bit more clearly in terms of the modern rules of practice and procedure. First, it is a finding that the husband has appeared in court through his attorney, and has exceeded the limited nature and scope of the original court appointment of counsel under the Act, both by the payment for legal services of the attorney and by his direction of trial strategy. Second, it is a finding that the attorney appearing for the husband has by his manner of conducting the litigation waived the question which originally existed concerning the personal jurisdiction of the court over the defendant husband. In other words, it answers in the affirmative a double question: *Could* the attorney waive the jurisdictional question; and *did* the attorney waive it?

The answer to the first question of the power of the attorney to waive the issue is found in a comparison between the Soldiers and Sailors Relief Act; *i.e.,* its purposes, and the actions of the parties in the instant case. The Act, 50 U.S.C.A. App. § 520, reads, in part, as follows:

"(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of

court directing such entry, and *no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest,* and the court shall on application make such appointment. . . .

"(3) In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is *not represented by an authorized attorney,* the court may appoint an attorney to represent him; and in such case a like bond may be required and an order made to protect the rights of such person. But *no attorney appointed under this Act . . . shall have power to waive any right of the person for whom he is appointed or bind him by his acts."* (Italics ours.)

■ It appears from the language of the Act that the protection afforded a serviceman from any waiver of his rights by legal counsel was intended to apply only where the attorney acted under the authority of the court rather than the authority of the serviceman. In each case a question of fact exists; *i.e.,* whether the serviceman has, himself, authorized the attorney to act for him. That the attorney was originally appointed under the Act is in no wise determinative of this question. The trial court found that the attorney had such authority from the serviceman-husband, and such finding is well supported in the record. Not only had this attorney represented the husband in the previous (dismissed) divorce action, but, also the husband had agreed to pay, and was paying, the expenses, costs and attorney's fees arising from the instant action. The attorney concedes that the attorney fees charged had not been segregated or allocated between the present action and the previous action (where the authority to appear on behalf of the husband was clear).

The trial court found that the husband had authorized the attorney to appear for him in the present action. This finding is well supported in the record and will not be disturbed.

■ The remaining half of the question—whether the defendant (through his attorney) waived whatever objections he may have had as to the jurisdiction *in personam*

of the court—is one admitting of some greater difficulty. The answer must of course be sought in the requirements of the Washington Rules of Pleading, Practice and Procedure. More specifically, Rule 12(b) RPPP, controls the manner in which the defense of lack of jurisdiction over the person must be presented. The pertinent provision reads:

"(b) Every defense, in law or fact, to a claim for relief . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person . . ."

The consequence of making a motion before answer, but omitting one or more of the defenses available in Rule 12(b), is set out in Rule 12(h):

"(h) *Waiver of Defenses.* A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except . . ."

By the method provided in Rule 12, a defendant is permitted to raise a jurisdictional defense even where a voluntary appearance has created a potential power in the court to adjudicate the merits of the controversy. The question of jurisdiction over the person must be decided without reference to the voluntary appearance, and, if decided in favor of the defendant, will be grounds for an immediate dismissal.

In order to preserve the jurisdictional question the defendant must, however, proceed without equivocation, precisely and with dispatch. Where, as here, any other defense mentioned in Rule 12(b) (including a change of venue) is raised by motion, the objection to jurisdiction is waived unless it is either joined with such motion or accomplished previous to such motion.

In the present case the defendant moved for a change of venue on May 14, 1962. No motion challenging personal jurisdiction was joined with it. Nor had any such motion been made and presented to the trial judge for ruling at any prior time. While the record shows various statements by the defendant's attorney in open court to the effect that

his was a "special appearance" only, and that his so-called special appearance should allow a default judgment no greater in effect than that which could be obtained through nonresident service, none of these was sufficient as a motion challenging jurisdiction. To constitute a motion challenging jurisdiction the statement must be clear enough both to inform the trial judge as to the nature of the issue and to ask for an immediate ruling on it. While the bare statement that the attorney is there on a special appearance may serve to inform the judge of jurisdictional problems, it in no way requests an immediate ruling, and there is no opportunity for objection thereto or for noting same for purposes of the record.

■ Rule 12 was designed in part to restrict the making of a series of motions to attack a pleading, and it must be construed in accordance with this goal. The present case is a fair illustration of the difficulties which arise when jurisdictional problems are left unsettled while various other matters are presented one after another. The result is too often confusion, guess work and uncertainty, as well as probable delay, hardship and expense to the parties.

The trial court was correct in holding that the defendant, appearing through his authorized attorney, waived the jurisdictional objection by failure to raise the defense in accordance with Rule of Pleading, Practice and Procedure 12.

Appellant next assigns error to that part of the decree which requires the defendant husband, as a condition precedent to the exercise of his rights of visitation (the wife was awarded custody of the child), to

"post herein a penal bond in the amount of Twenty Five Hundred Dollars, conditioned upon his faithful return of said minor child to the plaintiff's custody promptly at the termination of any visitation within or without the State of Washington."

■ The requirement that the party in custody of the child post a bond where the child is or may be taken beyond the jurisdiction of the court is primarily a matter within the discretion of the trial judge. Such a bond may be re-

quired in Washington. *Kirby v. Kirby* (1923), 126 Wash. 530, 219 Pac. 27. See Annot., 154 A.L.R. 562 (1945); 17A Am. Jur. § 828, p. 21. The availability of this remedy must depend on the facts and circumstances in each case. In the present case, where the husband has twice surreptitiously removed the child of the parties from the jurisdiction, we are not prepared to say that the trial court abused its discretion in requiring a bond.

Appellant makes no argument in support of any further assignment of error. The judgment of the trial court is affirmed.

OTT, C. J., DONWORTH, and WEAVER, JJ., and DAWSON, J. Pro Tem., concur.

March 23, 1964. Petition for rehearing denied.