MARTHA ECK, Respondent, *v.* UNITED ARAB AIRLINES, INC., Appellant.

First Department, March 19, 1964.

*Douglas B. Bowring* of counsel (*Haight, Gardner, Poor & Havens,* attorneys), for appellant.

*Edward M. O'Brien* of counsel (*Stuart M. Speiser* with him on the brief; *Speiser, Shumate, Geoghan & Law,* attorneys), for respondent.

BREITEL, J. P. Defendant airline appeals from denial of its motion to dismiss the complaint in this action for personal injuries on the ground that, under article 28 of the Warsaw Convention of 1929,[1] the action may not lie in the courts of this State. The issue is whether plaintiff's purchase of her ticket in California and the situs of defendant airline's office in New York City provide an authorized venue for the action under the Warsaw Convention.

Because plaintiff did not purchase her ticket through the New York City office of defendant airline, and there is no other basis for sustaining the venue under the Warsaw Convention, the order should be reversed and plaintiff's complaint dismissed. The result is unfortunate because plaintiff is then remitted to sue either in Switzerland or Egypt, although she is a resident American and the airline does business here; but the plain language of the Convention may not be avoided.

Article 28 of the Warsaw Convention which applies to international carriage by airlines of the signatory powers, among which Switzerland, Egypt, and the United States are included, reads: "An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination."

Defendant is an Egyptian airline. In part, it carried plaintiff on a flight from Jordanian Jerusalem to Cairo, but the plane never reached Cairo, it having crashed in the Sudan after having been diverted and it was there that plaintiff sustained serious injuries.

Plaintiff, a citizen of the United States, resident in California, participated in a group skiing expedition to Europe traveling on a Scandinavian Airlines System charter flight. In addition, she individually purchased a ticket through the office of the Scandinavian Airlines System in Oakland, California, for a separate round trip on flights of defendant airline between

---

1. 49 U. S. Stat. 3000; ratified by the United States in 1934.

Zurich, Switzerland, and Jerusalem, with a number of stopovers, including Cairo, on the return to Zurich.

Defendant airline operates an office in New York City, although as an Egyptian airline it has its principal place of business in Egypt. For purposes of the Warsaw Convention, the place of destination of the ticket was Zurich. Concededly, plaintiff's ticket was not purchased through the New York office. Although Scandinavian Airlines System acted as an agent, *ad hoc*, for defendant airline, it was not acting as an agent or branch of the New York office.

It is assumed that the Convention in referring to the territory of a contracting power is referring to the national territory; and not to the regions, provinces or federated states into which it is divisible (see *Berner* v. *United Airlines,* 3 A D 2d 9, 12, affd. 3 N Y 2d 1003). Consequently, for this purpose, the New York City office of defendant airline and the place of the sale of the ticket for the round-trip transportation between Zurich and Jerusalem are treated as having occurred in the same territory.

But even with this premise, the ticket purchase does not enable plaintiff to sue in the courts in this Nation. That is because article 28 expressly provides that a place of business, other than a principal place of business, outside the domicile of the carrier, will support venue only if the contract for carriage was made through that office. That is the purport of the language. Moreover, the language, in a related context, in a recent case before this court, was so read to mean.

In *Berner* v. *United Airlines* (*supra*) it was found that the contract of carriage made in New York conferred jurisdiction or venue because the airline maintained a place of business in New York City and the ticket was purchased through that office. It was also stressed that there was some regularity in the sale of tickets, but that was asserted in reference to the principal issue before the court, namely, whether the foreign defendant did sufficient business in the State to allow of jurisdiction over the person by service of process on its agent. There an Australian airline had entered into a formal contract whereby British Overseas Airways Corporation was to act as its general sales agent. The agent was required to observe and comply with all reasonable directions and instructions. The Australian airline on its part undertook affirmative obligations to its general sales agent with respect to equipment, personnel and standards of operation. There was even provision made for procedures to be followed in the case of accidents. Thus the finding of

the maintenance of a place of business was based on the fact of a continuing agency (3 A D 2d 9, 11–12). Because the *Berner* case involved a ticket purchased through the continuing agency, it did not decide what the result would be absent that fact.

While the ultimate holding in the *Berner* case is not controlling on the issue in this case, the supporting rationale is relevant. In the *Berner* case the court, in reading article 28, recognized that the contract must have been made through the office relied upon to support venue. The Convention's language is, as noted, "where he [the airline] has a place of business through which the contract has been made". Indeed, Mr. Justice BERGAN, now Judge BERGAN of the Court of Appeals, in writing for this court, left no likelihood of misunderstanding the applicable reasoning. Said he: "This language includes places maintained by the carrier itself or through agents at which the ticket is sold. The language describes a 'place of business', not necessarily in the broad or general connotation of the term, but one closely related to the sale of the ticket, i.e., where the 'contract has been made'." (3 A D 2d 9, 12.)

As for the *ad hoc* agency of Scandinavian Airlines System in California in effecting the sale of the ticket, it falls short of providing a persisting agency and, thus, a place of business upon which venue might be based.

Finally, it does not take much reflection to appreciate that unless article 28 were read as it was in *Berner* case and as it is being read now, venue would lie in the courts in the United States and in almost every other country in which any major airline operated, so long as the applicable ticket had been purchased in the country in question. If that were the purport of the article, then the direct and expected way of so providing for venue would be to state that an action might be brought in the territory of any of the High Contracting Parties where the airline had any place of business, if the ticket had been purchased in such territory.

The other contentions raised by plaintiff have been considered but are not persuasive, nor do they require any present elaboration why they are not persuasive.[2] In the discussion, the issue

---

2. It is true, for example, that the language on the ticket which states that the Warsaw Convention may be applicable is regretfully abstruse and terse, and no doubt quite uninformative to most travellers. This assumes that the Lilliputian typography of the ticket addendum allows of any communication. It is legally sufficient, however, under the terms of the Warsaw Convention (see, e.g., *Ross* v. *Pan American Airways*, 299 N. Y. 88, 93, 95).

458

has been treated as one of venue, which it would seem to be when the question is whether an action may lie in a court because of limitations inherent in the action rather than the court (see, e.g., *Brown* v. *Compagnie Nationale Air France,* 1962 U. S. Av. Rep. 631 [S. D. N. Y.]; *Spencer* v. *Northwest Orient Airlines,* 201 F. Supp. 504, 1962 U. S. Av. Rep. 24 [S. D. N. Y.]). But the dispute over the terminology is not fruitful in this case. Thus, plaintiff's strained argument that the Warsaw Convention encroaches unconstitutionally on the " jurisdiction " of New York courts is beside the point. Even private individuals may, by contractual agreement, if not unreasonable, determine venue between them, without the suggestion that the parties are assuming a supra-constitutional power to limit or determine the " jurisdictions " of courts. The term and concepts of jurisdiction have different meanings in different contexts. There is no difficulty here, unless one insist upon stirring up a sterile logomachy, in simply looking upon the issue as one to determine whether an action may be brought in New York courts.

Accordingly, the order denying defendant's motion to dismiss the complaint on the ground that, under the Warsaw Convention, the action could not lie in the courts of this State should be reversed on the law, without costs to any party, and the motion granted, without costs to any party.

RABIN, STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on October 8, 1963, unanimously reversed, on the law, without costs, and the motion to dismiss the complaint granted, without costs.