**Martha ECK, Plaintiff,**

v.

**UNITED ARAB AIRLINES, S.A.A., Defendant.**

United States District Court
S. D. New York.

Nov. 27, 1964.

On Motion for Reargument
March 12, 1965.

CANNELLA, District Judge.

Motion by the defendant, United Arab Airlines, S.A.A., to dismiss the complaint pursuant Rule 12(b) of the Federal Rules of Civil Procedure and for summary judgment pursuant Rule 56 of the Federal Rules of Civil Procedure. The defendant alleges four separate and distinct grounds for its motion to dismiss:

1). That a decision of the Appellate Division of the Supreme Court, State of New York, First Department, dismissing this plaintiff's complaint in an action brought in Supreme Court, New York County, is *res judicata* as to the availability of New York as a forum in this action and that the said decision of the state court must be given full faith and credit by this court;

2). That this court has no jurisdiction of the subject matter of this action pursuant to the provisions of the Warsaw Convention;

3). That no venue lies in this court under the Warsaw Convention;

4). That this court has no jurisdiction over the person of the defendant.

The motion to dismiss is granted and the motion for summary judgment becomes moot.

The plaintiff, Martha Eck, a resident of California, was a member of the Far West Ski Association which arranged a skiing trip to Europe in 1962. All arrangements for the group excursion flight from Los Angeles, California to Europe and back were made by the Ski Club. In addition to this trip, Miss Eck apparently desired to take certain side trips in Southern Europe and the Near East. She therefore individually purchased certain tickets for such transportation from the Oakland, California office of Scandinavian Airlines Systems. Scandinavian was not to handle all actual flights on which the plaintiff was to travel. One leg of her side trip was a flight from Jerusalem, Israel to Cairo, Egypt. This flight was to be performed by the defendant, United Arab Airlines. During this flight, the plane containing Miss Eck crashed in a sandstorm in Wadi

Speiser, Shumate, Geoghan & Law, New York City, for plaintiff, Eck.

Haight, Gardner, Poor & Havens, New York City, for defendant, United Arab Airlines.

Halfa, Sudan, Africa, on March 16, 1962. Miss Eck alleges that she suffered paralyzing injuries due to the negligence of the defendant.

Prior to the commencement of this action, the plaintiff sued this defendant on this same cause of action in Supreme Court, State of New York, New York County, the action being commenced on March 11, 1963. The defendant moved to dismiss the complaint in that court on the ground that the action could not be maintained in New York under the provisions of the Warsaw Convention, 49 Stat. 3000. The motion was denied. The defendant appealed and on March 19, 1964, the Appellate Division reversed the lower court decision and dismissed the complaint. Eck v. United Arab Airlines, Inc., 20 A.D.2d 454, 247 N.Y.S.2d 820 (1st Dept.1964). The plaintiff is presently appealing that decision to the New York Court of Appeals.

The plaintiff has now instituted an action in this court based on the same events alleged in the complaint in the state action.

The Warsaw Convention regulating the conditions of international air transportation was signed by representatives of twenty-three nations at Warsaw, Poland on October 12, 1929. Adherence was advised by the United States Senate on June 15, 1934 and was proclaimed by the President on October 29, 1934. Switzerland and Egypt are also signatories to the Convention. The Convention governs the plaintiff's choice of forum concerning any claim arising out of an accident in "international transportation." There was no dispute in the state court and there is apparently none here that the plaintiff's travel was such "international transportation" as defined in Article 1(2) of the Warsaw Convention and thus her travel was subject to the provisions of the Convention. Article 28(1) of the Convention provides:

"(1) An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination."

■ Grounds two and four of the defendant's motion may be disposed of without much difficulty. The fourth ground of the motion to dismiss is that this court has no jurisdiction over the person of the defendant. Such is not the case. In a decision handed down by Judge Sugarman of this court on May 18, 1964 (Rome v. United Arab Airlines, 63 Civ. 3626), such a contention was rejected. In the instant case, the defendant did not contest in personam jurisdiction in the state court and in fact appeared. There seems to be no question that the defendant's actions in this District are sufficient to subject them to the personal jurisdiction of this court. See Wahl v. Pan American World Airways Inc., (Hopp v. Middle East Airlines et al.), 227 F.Supp. 839 (S.D.N.Y.1964). The Airline maintains and operates general and sales offices at 720 Fifth Avenue in this City and the offices are designated as "Executive Office" and "Sales Office" in the lobby directory of that building. The defendant is listed in the 1963–64 Manhattan Telephone Directory and has two listings in the Manhattan Classified (Yellow Pages) Directory. The defendant's system timetables are distributed in New York City at these offices. Other indicia of business operations are present sufficient to constitute minimal contacts. McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); see also, State of Maryland for Use of Mitchell v. Capital Airlines, Inc., D.C., 199 F.Supp. 335 (1961); cf., Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ The second ground of the defendant's motion is that this court lacks jurisdiction over the subject matter of

the action because the plaintiff has failed to bring her action within the jurisdictions listed in Article 28(1) of the Warsaw Convention. This position is without merit and the defendant has indicated as much in its memorandum of law. The provisions of 28(1) have been held, in this District, not to affect the jurisdiction of the United States District Courts over such an action as this. Article 28(1) is not jurisdictional and its only relation is to venue. Spencer v. Northwest Orient Airlines, 201 F.Supp. 504 (S.D.N.Y.1962); Mason v. British Overseas Airways, Civil 109-372, November 15, 1956 (not officially reported).

The first ground of the defendant's motion is predicated on the asserted *res judicata* effect of the state court judgment arising out of the facts at issue herein. While such a contention is one of interest to the court, any determination of this issue is superfluous. No question of *res judicata* or full faith and credit is necessary to the resolution of this motion for this court holds that the third ground of the defendant's motion, lack of venue in this court, is dispositive of the motion.

This complaint must be dismissed for in fact no venue exists in this court pursuant to the provisions of Article 28 (1) of the Warsaw Convention. There seems to be no contention that three of the four possible forums allowed by the Warsaw Convention do not avail the plaintiff of this court as a forum. The domicile of the carrier is the United Arab Republic (Egypt), the principal place of business of the defendant is Cairo and the place of the destination of the plaintiff's trip was Zurich, Switzerland. The only provision of Article 28(1) remaining which can provide the plaintiff with proper venue in this court allows suit where the carrier has a place of business through which the contract of carriage was made. The plaintiff alleges that the office of United Arab Airlines in New York City is such an office for though the purchase of the ticket was in the Oakland office of Scandinavian Airlines Systems, the latter should be treated as an agent

of the defendant. This court agrees with the Appellate Division of New York that the only agency here was an *ad hoc* one and that no persuasive facts have come to the attention of the court to create here a persisting agency.

This court realizes that the use of the term "territory" in the Warsaw Convention refers to national territory and not any peculiar intragovernmental relationship. Berner v. United Airlines, 3 A.D.2d 9, 157 N.Y.S.2d 884 (1st Dept. 1956), aff'd 3 N.Y.2d 1003, 170 N.Y.S.2d 340, 147 N.E.2d 732 (1957). But this court agrees with the Appellate Division's line of reasoning in the Berner case as quoted in the Eck decision in the state court, 247 N.Y.S.2d at 823:

> " 'This language includes places maintained by the carrier itself or through agents at which the ticket is sold. The language describes a "place of business", not necessarily in the broad or general connotation of the term, but one closely related to the sale of the ticket, i. e., where the "contract has been made." ' "

This court can find no close relationship between the airlines offices in this case and thus no venue can be based on an agency theory. No venue lies in this district. Nor can this court find any waiver of the defendant's right to object to the plaintiff's choice of forum.

The motion to dismiss the complaint is granted (See Scarf v. Trans World Airlines, 4 Avi. 17, 795 (S.D.N.Y.1955), appeal dismissed 233 F.2d 176 (1956)).

So ordered.

On Motion for Reargument.

By decision dated November 27, 1964, this court granted the defendant's motion to dismiss the plaintiff's complaint on the ground that this court lacked venue of the action. On December 28, 1964, the plaintiff's motion for reargument of that decision was granted. After due consideration and reexamination of the positions of the parties, this court finds no reason to alter its original decision.

The plaintiff has alleged in support of its position on this reconsideration that this court overlooked the decision of the New York Court of Appeals (Eck v. United Arab Airlines, Inc., 15 N.Y.2d 53, 255 N.Y.S.2d 249, 203 N.E.2d 640 (December 3, 1964)) in reaching its original decision. However, the posture of the state court action at the time this court rendered its decision was that the Supreme Court, Appellate Division, First Department had reversed (Eck v. United Arab Airlines, Inc., 20 A.D.2d 454, 247 N.Y.S.2d 820 (1964)) an order denying the defendant's motion to dismiss entered by Supreme Court, New York County. The subsequent reversal by the Court of Appeals, of course, could not have been considered by this court in reaching its determination.

The recitation of the state court history in no way indicates agreement of this court with the position taken by the New York Court of Appeals (per Burke, J.). While it is clear that a treaty must be liberally interpreted (Valentine v. United States ex rel. Neidecker, 299 U.S. 5, 57 S.Ct. 100, 81 L.Ed. 5 (1936)), in the view of this court, there are limits to liberality of construction. This court feels that Article 28(1) of the Warsaw Convention is clear in its meaning and that to permit a suit by this plaintiff in this district, however attractive that may be, would read a meaning into the treaty not originally intended. No matter how distasteful may be the result of a court's action, an asserted injustice may not be corrected by fitting a conception of this binding treaty to the particularly appealing factual pattern presented. This court can go no further than to apply the clear meaning of this Article to the case before it. See Choctaw Nation of Indians v. United States, 318 U.S. 423, 63 S.Ct. 672, 87 L.Ed. 877 (1943). Any change in the effect of the article could only be accomplished by way of renegotiation of the terms of the treaty.

This court is aware of the decision of the United States Court of Appeals for the Second Circuit in Mertens v. Flying Tiger Line, Inc., 341 F.2d 851 (February 16, 1965), insofar as it discusses the effect of Article 28(1) of the Convention upon subject matter jurisdiction. However, this question was left open by the Court of Appeals, and this court can see no reason to question its venue-jurisdiction reasoning at this juncture.

So ordered.