**Peter DOERING, Plaintiff,**

v.

**SCANDINAVIAN AIRLINES SYSTEM, a foreign corporation, et al., Defendants.**

**Civ. No. 69-1029.**

United States District Court,
C. D. California.

June 23, 1971.

James G. Butler, Butler & Jefferson, Los Angeles, Cal., for plaintiff.

Thomas F. Call, Adams, Duque & Hazeltine, Los Angeles, Cal., and Condon & Forsyth, New York City, for defendants.

## MEMORANDUM AND ORDER DENYING MOTION TO DISMISS

PREGERSON, District Judge.

This matter is before the court on the motion of defendants Scandinavian Airlines System and Scandinavian Airlines System, Inc., to dismiss the action for lack of subject matter jurisdiction, Fed. R.Civ.P. 12(b) (1).

Plaintiff filed this action on May 29, 1969, alleging damages suffered in the crash of defendants' airliner on January 13, 1969. The plane, on a flight from Copenhagen, Denmark, to Los Angeles, crashed in the ocean while approaching Los Angeles International Airport to land.

The parties agree that the transportation in question was "international," so as to come within the purview of the Warsaw Convention, 49 Stat. 3000, 49 U.S.C.A. § 1502.[1] Defendants con-

---

1. By its terms, the Convention applies to transportation

in which, according to the contract made by the parties, the place of departure and the place of destination * * * are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within * * * another power * * *.

Article 1(2).

Plaintiff possessed two tickets, the first covering transportation from Hamburg, West Germany, to Copenhagen, and thence to Los Angeles, and the second providing for carriage from Los Angeles to Copenhagen, and thence to Hamburg. It appears that regardless of whether plaintiff's "destination," for Warsaw Convention purposes, is considered Hamburg or Los Angeles, his transportation would come within the Convention provision quoted, since both West Germany and the United States are High Contracting Parties to the Convention.

tend on this motion that this court is not one of the forums for bringing an action for damages enumerated in Article 28(1) of the Convention, and hence the court lacks jurisdiction of the subject matter of the action. Briefs have been filed on the question of whether this court constitutes one of the forums specified in Article 28(1), and particularly whether this court is, in the words of the Article, "the court at the place of destination." Before, however, this question may be reached, if at all, it must be decided whether the issue is indeed one of subject matter jurisdiction, and thus open to consideration on this motion.

■ Whether the specification of forums found in Article 28(1) goes to subject matter jurisdiction or to venue is a question over which the authorities are divided. *See* Annot., *Construction and Validity of "Venue" or "Jurisdiction" Provision of Article 28(1) of Warsaw Convention (49 Stat. 3000 et seq.) Relating to International Transportation by Air,* 6 A.L.R.3d 1272, 1280–81. After careful consideration of the relevant authorities, this court agrees that "the better view would appear to be that the article should be treated as a 'venue' provision." *Id.* at 1275. *See id.* at 1278; Eck v. United Arab Airlines, S.A.A., 241 F.Supp. 804, 807 (S.D.N.Y.1965), *rev'd on other grounds,* 360 F.2d 804 (2nd Cir. 1966); Spencer v. Northwest Orient Airlines, Inc., 201 F.Supp. 504, 506–507 (S.D.N.Y.1962); Mason v. BOAC, 1961 U.S. & Can.Av. 617, 618 (S.D.N.Y. 1956); Brown v. Compagnie Nationale Air France, 1962 U.S. & Can.Av. 631, 632 (S.D.N.Y.1962); Downs v. Compagnie Nationale Air France, 1964 U.S. & Can.Av. 71, 72 (S.D.N.Y.1963).

■ The present motion, therefore, does not present a challenge to the jurisdiction of this court, and for that reason it must be denied. Mason v. BOAC, *supra*; Brown v. Compagnie Nationale Air France, *supra*. Whether Article 28(1) would have barred venue here is not at issue on this motion, and is in any event a question that may no longer be considered, since no challenge to venue was made at the time defendants answered the complaint, in 1969. *See* Fed.R.Civ. P. 12(h) (1); Spencer v. Northwest Orient Airlines, Inc., *supra,* 201 F.Supp. at 507.