[No. 9368-1-I. Division One. March 29, 1982.]

LOUISE C. KAHCLAMAT, *as Administratrix, Petitioner,*
v. YAKIMA COUNTY, *Respondent.*

*Lembhard G. Howell,* for petitioner.

*Diane G. Geiger,* for respondent.

ANDERSEN, C.J.—

## FACTS OF CASE

The plaintiff, Louise C. Kahclamat, seeks discretionary review of the trial court's order granting the motion for change of venue by defendant Yakima County.

On September 10, 1979, the plaintiff filed a complaint for wrongful death against the defendant, Yakima County, in the Superior Court for King County. On November 28, 1979, defendant filed its answer containing general denials and affirmatively alleging that it was an improper party to the action; and on the same day, defendant also filed motions to dismiss based on its not being a proper party to the action. The motions were denied in early May 1980.

On September 11, 1980, defendant, for the first time, moved for a change of venue from King County to Yakima County alleging that: (1) the action was a suit against a public officer which must be brought where the action arose, RCW 4.12.020(2); (2) the action was filed in the wrong county, RCW 4.12.030(1); and (3) the convenience of witnesses and ends of justice would be furthered by such change, RCW 4.12.030(3). Without specifying the grounds for its ruling, the trial court granted defendant's motion for change of venue. We granted plaintiff's petition for discretionary review.

One issue is determinative of this appeal.

## ISSUE

Did the defendant waive its right to request a change of venue by not asserting its objections to venue in a motion prior to pleading or in its answer, and in waiting a year to make its request?

## DECISION

CONCLUSION. Yes. A rule 12(b) defense or objection must be asserted by a defendant either by motion prior to pleading or else in its responsive pleading if no rule 12(b) motions were made by the defendant before so pleading. CR 12(b); *Sanders v. Sanders,* 63 Wn.2d 709, 714, 388 P.2d 942 (1964). When, however, a rule 12(b) defense or objection is raised by motion prior to pleading or in conjunction with the responsive pleading, as here, a failure to join all other 12(b) defenses or objections which were then available to the defendant results in a waiver of the omitted defenses or objections. CR 12(g) and (h).

 In the present case, defendant did not move for a change of venue until many months after its answer and motion to dismiss were filed. Defendant's motion to dismiss, however, was a rule 12(b) motion. CR 12(b)(6). Defendant's later motion for a change of venue was also a rule 12(b) motion or its equivalent. *Sanders v. Sanders, supra* at 714. *Accord, Sangdahl v. Litton,* 69 F.R.D. 641, 642–43 (S.D.N.Y. 1976); *Doering v. Scandinavian Airlines Sys.,* 329 F. Supp. 1081, 1082 (C.D. Cal. 1971). *See* CR 12(b)(3); 3A L. Orland, Wash. Prac. § 5157, at 185 (3d ed. 1980). On the face of it, if due diligence had been used, the grounds for the change of venue motion would have been as obvious to the defendant at the time it was served as it was the following year when the motion was made. Consequently, defendant waived its objections to venue when it did not join those objections with its motion to dismiss. CR 12(g) and (h); *Sanders v. Sanders, supra.*

 Furthermore, defendant did not move for a change of venue until several months after its various other

motions were heard and denied by the trial court, and until 1 full year after plaintiff's complaint was filed. The civil rules of procedure were not designed to permit a defendant to make repeated motions attacking a pleading over such an extended period of time. *See Sanders v. Sanders, supra* at 715. Under the facts and circumstances presented here, the defendant's motion for a change of venue, coming 1 year after the action was filed, will be deemed to have been waived. *See Raymond v. Fleming,* 24 Wn. App. 112, 115, 600 P.2d 614 (1979), citing 5 C. Wright & A. Miller, *Federal Practice* § 1344, at 526 (1969).

Reversed and remanded.

WILLIAMS and CALLOW, JJ., concur.