[No. 4997–3–III.   Division Three.   December 14, 1982.]

WAYNE GEROUX, ET AL, *Respondents,* v. DONALD K. FLECK, ET AL, *Appellants.*

*Kirk S. Portmann* and *Clinton, Fleck, Glein & Linville,* for appellants.

*Michael V. Hubbard,* for respondents.

GREEN, J.—Donald and Florine Fleck appeal from a judgment in favor of the creditors of Pacific Coast Soybean, Inc., for recovery of a preferential payment.

On March 19, 1979, Pacific Coast Soybean petitioned for dissolution of the corporation under RCW 23A.28. On August 19, 1980, the court entered a final order accepting final report of trustee, releasing the trustee and assigning claims. That order provided, in part:

### III.

For the purposes of bringing any causes of action remaining in the Trustee in dissolution, all claims, rights and causes of action which are now existing in the Trustee are assigned to and for the benefit of all creditors of the corporation . . .

Thereafter, 87 general, unsecured creditors of Pacific Coast Soybean commenced this action against the Flecks and others to recover preferential payments, *i.e.,* payments made by Pacific Coast Soybean within 4 months before the petition for dissolution was filed. RCW 23.72.030. Following

a hearing, judgment was entered against the Flecks. They appeal.

It is contended the court erred in not dismissing this action because (1) it could only be brought by the liquidating trustee; and (2) indispensable parties were not joined. Further, they contend the court erred by denying the Flecks' motion for change of venue. We affirm.

■ First, it is contended this action should have been dismissed because the creditors do not have standing to bring it. It is urged the right to recover a preferential payment resides solely in the liquidating trustee. Assuming this position is generally true, here, at the time the liquidation proceeding was terminated, the court ordered an assignment of all causes of action existing in the trustee to and for the benefit of the creditors of Pacific Coast Soybean. By virtue of this court order, the creditors have standing to bring this action. None of the statutes or cases cited by counsel for either party indicate the court erred in proceeding in this fashion. From a practical standpoint, the judgment in this case directs the distribution be made on the same basis as in the dissolution proceeding.[1] Consequently, there is no prejudice to any party. We hold the creditors have standing to bring this action.

■ Second, it is urged the court should have dismissed this action because *all* the creditors of Pacific Coast Soybean were not named as parties. It is claimed the additional creditors were indispensable parties under CR 19(a).[2] CR

---

[1] Judgment was entered "for the pro rata benefit of all general creditors of Pacific Coast Soybean, Inc. as determined by the previously concluded liquidation proceedings of said corporation and including the defendants Fleck; and distribution thereof shall be so made; . . ."

[2] CR 19(a) provides a person should be joined in an action if: "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

12(b)(7) requires that the claim or defense of "failure to join a party under Rule 19" be asserted in the responsive pleadings or by motion before pleading if a further pleading is permitted. *Sanders v. Sanders,* 63 Wn.2d 709, 714, 388 P.2d 942 (1964); *Kahclamat v. Yakima Cy.,* 31 Wn. App. 464, 643 P.2d 453 (1982). The Flecks did not raise this claim or defense in their responsive pleadings. Furthermore, the record on appeal does not disclose that a motion to dismiss for failure to join all the creditors was filed prior to the other pleadings. In fact, we do not find a motion to dismiss in the record on appeal. RAP 2.5(a) gives this court discretion on whether to review such a claim depending on the circumstances of the case.

> If the judgment is in practical effect favorable to the absentee, and no other party is prejudiced by his absence, it would seem to be a waste of judicial time to remand, and an injustice to dismiss. Compania Transatlantica Espanola, S.A. v. Melendez Torres (C.A.1st 1966) 358 F.2d 209.

3A L. Orland, Wash. Prac., *Rules Practice* § 5225, at 371 (3d ed. 1980). Here, there can be no prejudice to the non-joined creditors. As indicated above, in practical effect this action is merely an extension of the liquidation proceeding, the result of which was to enter judgment in favor of *all* of the general creditors of Pacific Coast Soybean and distribute the proceeds to those creditors on the same pro rata basis as would have occurred in the dissolution proceeding. Thus, the judgment was favorable to the nonjoined creditors, and while notice of the judgment must be given to them, it would be "a waste of judicial time to remand" this matter back to the trial court for joinder and "an injustice to dismiss" the action.

■ Finally, Mr. Fleck contends the court erred in denying his motion for change of venue. In *Lincoln v. Transamerica Inv. Corp.,* 89 Wn.2d 571, 578, 573 P.2d 1316 (1978), the court held that the proper remedy for review of the denial of a motion for change of venue is by certiorari—now called discretionary review. There, the court stated:

428

their proper remedy was to seek review by certiorari and not to wait until the trial was concluded and then ask an appellate court to set aside an unfavorable judgment on the basis that the venue was laid in the wrong county. If the latter course is followed, it is incumbent upon an appellant to show that he was prejudiced by the denial of a change of venue; otherwise a new trial will not be granted.

(Footnote omitted.) Here, there is no showing of any prejudice to the Flecks by the denial of the motion for change of venue. Quoting from *Russell v. Marenakos Logging Co.,* 61 Wn.2d 761, 765, 380 P.2d 744 (1963), in the *Lincoln* decision the court noted at page 578, "'except in rare instances, the mills of justice grind with equal fineness in every county of the state'". We find the error, if any, to be harmless.

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.

Reconsideration denied January 12, 1983.

Review denied by Supreme Court March 11, 1983.