IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

TYE SHEATS,                                    )        No. 35555-1-III
                                               )
                    Appellant,                 )
                                               )
         v.                                    )
                                               )        PUBLISHED OPINION
CITY OF EAST WENATCHEE,                        )
DOUGLAS COUNTY, CITY OF                        )
WENATCHEE, CHELAN COUNTY, The                  )
Wenatchee World newspaper,                     )
                                               )
                    Respondents.               )

LAWRENCE-BERREY, C.J. — RCW 4.28.020 prescribes a procedure before

superior courts are deemed to have acquired subject matter jurisdiction over a civil action.

The procedure requires service of a summons or filing of a complaint. We hold that the

initial pleading filed by Officer Tye Sheats substantially complied with the statutory

requirement of filing a complaint so that the trial court obtained subject matter

jurisdiction over this action.

RCW 42.56.250(2) exempts certain employment information from dissemination

in response to a request for public records under the Public Records Act (PRA), chapter

42.56 RCW. We hold that polygraph reports taken by peace officers as part of a pre-employment screening qualify as "other related materials submitted with respect to an applicant," so that such reports are exempt under RCW 42.56.250(2).

But when an agency elects to disseminate exempt records in response to a PRA request, a person seeking to enjoin dissemination has a heavy burden, which includes establishing that dissemination of the record would clearly not be in the public interest. RCW 43.101.095(2)(a), which requires rigorous screening of peace officers to determine their suitability for employment, evinces clear public policy that peace officers be law abiding persons. Here, Officer Sheats's redacted polygraph report discloses numerous instances of theft and dishonesty. Because the public has an interest in knowing whether a particular officer is law abiding, the public has an interest in viewing Officer Sheats's redacted report.

We affirm the trial court's decision generally denying Officer Sheats's motion for a permanent injunction.

FACTS

Officer Sheats works as a police officer for the East Wenatchee police department in Douglas County. In 2016, he applied for an opening at the Wenatchee police department in Chelan County. As part of the application process, he submitted to a

2

polygraph test. During the test, Officer Sheats admitted to numerous wrongdoings between 2000 and 2016, including several incidents of theft and dishonesty.

On June 2, 2017, and pursuant to the requirement of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), Wenatchee Assistant City Attorney Danielle Marchant wrote a letter to defense counsel in a case where Officer Sheats was identified as a prosecution witness. The letter disclosed Officer Sheats's admitted wrongdoings as potential impeachment material. Soon after, Ms. Marchant notified the Douglas County prosecuting attorney's office of the potential impeachment material and attached a copy of the letter she had written to defense counsel. Douglas County Prosecuting Attorney Steven Clem requested from Ms. Marchant a copy of Officer Sheats's polygraph report. Citing PRA exemptions, Ms. Marchant declined to produce the report.

Officer Sheats was a named prosecution witness in a Douglas County criminal case. Mr. Clem filed a motion in that case to obtain a copy of the polygraph report from the city of Wenatchee. In a letter to Ms. Marchant, Mr. Clem explained he needed the report to comply with his obligation under *Brady* to disclose potential impeachment material to defense counsel. The State provided the city of Wenatchee and Officer Sheats notice of its motion. The city of Wenatchee did not oppose the motion. Officer Sheats

3

did not file any response. The Douglas County Superior Court issued an order directing the city of Wenatchee to provide a copy of Officer Sheats's polygraph report.

Ms. Marchant complied with the order and provided the Douglas County prosecutor's office with a copy of the polygraph report. That same day, Mr. Clem provided a redacted copy of the report to the East Wenatchee police department and to the East Wenatchee city attorney. Soon after, the Douglas County prosecuting attorney's office provided the same redacted report to all criminal defense attorneys who had a pending case with Officer Sheats identified as a prosecution witness.

On July 17, 2017, a reporter for the Wenatchee World made a PRA request to the city of East Wenatchee seeking "'[a]ll disciplinary records, citizen complaints and ethics complaints pertaining to East Wenatchee Officer Tye Sheats.'" Clerk's Papers (CP) at 4. The city informed Officer Sheats that it would release the redacted report unless it received an injunction before July 27, 2017.[1]

PROCEDURE BELOW

On July 26, 2017, Officer Sheats, through counsel, filed an action in Douglas County Superior Court to enjoin the respondent cities and counties from releasing, and

---

[1] We note that Officer Sheats's polygraph report is not within the scope of the newspaper's PRA request.

4

the respondent newspaper from obtaining, his polygraph report. Officer Sheats did not file a summons and complaint. Instead, he filed a six-page pleading comprised of three parts. The first part was an ex parte motion requesting a temporary restraining order (TRO) and an eventual permanent injunction. The second part was a declaration of facts setting forth much of the information contained above. The third part was a memorandum of authorities citing and quoting several relevant statutes in support of his ultimate request for a permanent injunction.

That afternoon, Officer Sheats presented his ex parte motion to the court and the court issued a TRO. The order enjoined the respondent cities and counties from disclosing the polygraph report and enjoined the Wenatchee World from obtaining the report. The court set a hearing for 8:00 a.m. on August 14, 2017, for argument related to the request for the permanent injunction.

On July 28, a process server served the initial pleading and order on Mr. Clem. Mr. Clem was not authorized to accept service on behalf of Douglas County. There is no evidence that Officer Sheats served anyone other than Mr. Clem with the initial pleadings or order.

Also on July 28, Douglas County filed a motion to dissolve the TRO and noted its motion for August 1. There were multiple bases for the motion, including improper

service of the initial pleadings and order. Douglas County did not allege lack of subject matter or personal jurisdiction.

At the August 1 hearing, Mr. Clem's substantive objection with the TRO was its overbreadth: it prevented Douglas County from complying with its obligation to disclose *Brady* material to defense counsel in cases where Officer Sheats was listed as a prosecution witness. In response to the trial court's comments, the parties expressed optimism that they could agree to a narrower TRO. On August 2, Mr. Clem obtained signatures from all parties on an amended TRO, and the court signed the amended TRO. The amended TRO permitted the respondent cities and counties to disclose *Brady* material to defense counsel in cases where Officer Sheats was listed as a prosecution witness.

All parties except Chelan County filed briefs prior to the August 14 hearing. Although all parties provided substantive arguments in their briefs, only the city of East Wenatchee and the city of Wenatchee included procedural arguments in their briefs. Those briefs were filed two business days before the August 14 hearing.

Both cities argued that Officer Sheats had not properly commenced the action. The city of East Wenatchee cited CR 3 and argued that Officer Sheats's failure to file a complaint or serve a summons meant he had "not actually commenced a lawsuit, [and

the] Court [should] dismiss his motion." Clerks Papers (CP) at 127. Other than citing CR 3, the city of East Wenatchee did not provide any additional authority or argument for its position. Specifically, it did not mention or discuss lack of subject matter or lack of personal jurisdiction.

The city of Wenatchee cited RCW 4.28.020 and argued that because Officer Sheats had "failed to file a summons and complaint, [the] Court ha[d] not yet acquired jurisdiction over this matter or the parties." CP at 92. Other than citing to the statute, the city of Wenatchee did not provide any additional authority or argument for its position.

Officer Sheats did not respond to the late procedural arguments. Nor did the parties discuss personal jurisdiction at the August 14 hearing.

In a written decision, the trial court determined that *Brady* required the disclosure of the redacted polygraph report to defense attorneys who had cases where Officer Sheats was listed as a prosecution witness. The court also determined that because the redacted report was required to be disclosed under *Brady*, it could be disseminated to persons making a PRA request.

Officer Sheats appealed, assigning error to the court's findings that the redacted report be disclosed under *Brady* and that it be disclosed under the PRA.

ANALYSIS[2]

A.    PROCEDURAL CHALLENGES BY RESPONDENT CITIES

    *1.    Subject matter jurisdiction*

The city of Wenatchee argues that Officer Sheats did not properly commence the

matter in accordance with RCW 4.28.020.  It argues that this failure prevented the trial

court from acquiring subject matter jurisdiction.

Unfortunately, the city offers no additional authority or argument on this claim.

An appellate court may decline to address an issue that is insufficiently briefed or argued.

RAP 10.3(a)(6); *Scott's Excavating Vancouver, LLC v. Winlock Prop., LLC*, 176 Wn.

App. 335, 348, 308 P.3d 791 (2013) ("We decline to address arguments unsupported by

citation to authority or argument.").  We address the issue nonetheless because

"[w]henever it appears by suggestion of the parties or otherwise that the court lacks

jurisdiction of the subject matter, the court shall dismiss the action."  CR 12(h)(3).

---

[2] Respondent Chelan County did not file a response brief and joined respondent
Douglas County in its response brief.  Letter from Prosecuting Attorney Douglas Shae to
Renee Townsley, Clerk of Court, Wash. Ct. App. Div. III, (Mar. 23, 2018), *Sheats v. City
of East Wenatchee*, No. 35555-1-III (Wash. Ct. App.).  Respondent Wenatchee World
newspaper did not file a brief and joined the other respondents in their response briefs.
Letter from Erin McCool, Ogden Murphy Wallace to Renee Townsley, Clerk of Court,
Wash. Ct. App. Div. III, (Apr. 6, 2018), *Sheats v. City of East Wenatchee*, No. 35555-1-
III, (Wash. Ct. App.).

We review questions of subject matter jurisdiction de novo. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003). In *Marley v. Department of Labor & Industries*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994), the Washington Supreme Court clarified what it means for a trial court to have subject matter jurisdiction:

> Section 11 of the Restatement [(Second) of Judgments (1982)] defines subject matter jurisdiction: "A judgment may properly be rendered against a party only if the court has authority to adjudicate the *type of controversy* involved in the action." (Italics ours.) We italicize the phrase "type of controversy" to emphasize its importance. A court or agency does not lack subject matter jurisdiction solely because it may lack authority to enter a given order.
> . . . .
> A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate.
> [T]he focus must be on the words "type of controversy." If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.
>
> Robert J. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, 1988 B.Y.U. L. REV. 1, 28.

In Washington, our superior courts are courts of general jurisdiction and have the authority to hear and decide cases in equity and all cases at law for which jurisdiction has not been vested by law in some other court. WASH. CONST. art. IV, § 6. Unquestionably, the trial court here had subject matter jurisdiction to construe the PRA and to issue or decline to issue an injunction. But our inquiry does not end here.

9

"It is axiomatic that a judicial power vested in courts by the constitution may not be abrogated by statute." *James v. Kitsap County*, 154 Wn.2d 574, 588, 115 P.3d 286 (2005). "However, . . . where statutes prescribe procedures for the resolution of a particular type of dispute, state courts have required substantial compliance or satisfaction of the spirit of the procedural requirements before they will exercise jurisdiction over the matter." *Id.* Here, RCW 4.28.020 is a statute that prescribes procedures before a trial court acquires jurisdiction over a civil action. It provides:

> From the time of the commencement of the action by service of summons, *or by the filing of a complaint*, or as otherwise provided, the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings.

RCW 4.28.020 (emphasis added).

The question then becomes whether Officer Sheats substantially complied with the procedural requirements of RCW 4.28.020.

> "Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of the statute. It means a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which the statute was adopted."

*James*, 154 Wn.2d at 588 (quoting *In re Habeas Corpus of Santore*, 28 Wn. App. 319, 327, 623 P.2d 702 (1981) (citation omitted)).

10

Here, Officer Sheats substantially complied with RCW 4.28.020's requirement to file a complaint. The objectives of a complaint are "(1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader deems the pleader is entitled." CR 8(a). The initial pleading filed by Officer Sheats contained a declaration setting forth the claimed facts and a memorandum explaining the legal bases for the relief he requested. Because the pleading achieves every reasonable objective of a complaint, we conclude that Officer Sheats's initial pleading substantially complied with RCW 4.28.020's requirement that a complaint be filed. *See Schlesinger v. Councilman*, 420 U.S. 738, 742 n.5, 95 S. Ct. 1300, 43 L. Ed. 2d 591 (1975) ("[P]apers filed by Councilman—motions for a temporary restraining order and a preliminary injunction, and supporting affidavit and briefs—although not formally denominated a complaint, were adequate to apprise petitioners of the nature of the claim and the relief sought and to invoke the jurisdiction of the court.").

2. *Personal jurisdiction*

The cities of Wenatchee and East Wenatchee both argue that Officer Sheats's failure to file a complaint and serve them process causes the court to lack personal jurisdiction over them.

11

Whether a court has personal jurisdiction over a defendant is a question of law

reviewed de novo. *Lewis v. Bours*, 119 Wn.2d 667, 669, 835 P.2d 221 (1992).

Proper service of a summons and complaint is a prerequisite to the court obtaining

jurisdiction over a party. *Streeter-Dybdahl v. Nguyet Huynh*, 157 Wn. App. 408, 412, 236

P.3d 986 (2010); *Woodruff v. Spence*, 76 Wn. App. 207, 209, 883 P.2d 936 (1994); *Lee v.*

*W. Processing Co.*, 35 Wn. App. 466, 469, 667 P.2d 638 (1983). Officer Sheats failed to

properly serve any party with a summons and complaint.

Officer Sheats argues that the cities waived their objection to lack of personal

jurisdiction. CR 12(h)(1) provides in relevant part:

> A defense of lack of jurisdiction over the person, improper venue,
> insufficiency of process, or insufficiency of service of process is waived . . .
> if it is neither made by motion under this rule nor included in a responsive
> pleading or an amendment thereof . . . .

The city of East Wenatchee never asserted lack of personal jurisdiction. It,

therefore, waived its jurisdictional defense.

The city of Wenatchee did assert the defense. But the assertion was a one sentence

statement contained in an 9-page brief filed two business days before the hearing on the

merits. We must decide whether this assertion was sufficient under CR 12(h)(1).

In *Sanders v. Sanders*, 63 Wn.2d 709, 388 P.2d 942 (1964), the wife filed a

divorce action against her husband, who had recently moved from Washington State to

12

South Carolina. *Id.* at 711. An attorney who previously represented the husband when he lived in Washington specially appeared to protect the husband's interests. *Id.* That attorney later brought a motion to change venue, but did not then or later move to dismiss for lack of personal jurisdiction. *Id.* at 714. On appeal, the court discussed whether a special appearance was sufficient under CR 12(h)(1) to apprise the trial court of the jurisdictional challenge:

> To constitute a motion challenging jurisdiction the statement must be clear enough both to inform the trial judge as to the nature of the issue and to ask for an immediate ruling on it. While the bare statement that the attorney is there on a special appearance may serve to inform the judge of jurisdictional problems, it in no way requests an immediate ruling, and there is no opportunity for objection thereto or for noting same for purposes of the record.

*Id.* at 715.

Here, the jurisdictional challenge raised in the city of Wenatchee's brief arguably informed the trial court of the jurisdictional challenge. But the filing, which occurred only two business days prior to the hearing on the merits, did not afford Officer Sheats sufficient opportunity to object and to respond to the issue. We, therefore, conclude that the city of Wenatchee waived its personal jurisdictional challenge.

13

*3.     Premature appeal*

Both cities argue that the appeal is premature because it was filed after the trial

court issued its written decision but prior to entry of a final judgment.

RAP 2.2(a)(3) permits appellate review of a written decision that affects a

substantial right in a civil case if the decision in effect determines and discontinues the

action.  Here, the parties submitted the case on briefs and declarations.  There were no

witnesses nor were there any genuine issues of material fact.  Similar to a summary

judgment motion, here there was no need for formal findings of fact and conclusions of

law.  The trial court's decision determined that Officer Sheats was not entitled to his

requested injunction and there was nothing left to determine.  Under these circumstances,

the written decision was appealable.  *See Backlund v. Univ. of Wash.*, 137 Wn.2d 651,

656 n.1, 975 P.2d 950 (1999) (Failure to enter findings and conclusions following a

memorandum decision will not preclude appellate review in an appropriate case.).

B.     SUBSTANTIVE CHALLENGES BY OFFICER SHEATS

*1.     Disclosure of redacted polygraph report as* Brady *material*

On appeal, Officer Sheats acknowledges that the redacted polygraph report must

be disclosed in certain criminal cases.  He argues that disclosure is limited only to those

criminal cases where "there is a reasonable probability that, had the evidence been

disclosed to the defense, the result of the proceedings would have been different." Br. of Appellant at 11. We disagree.

A prosecutor has a constitutional duty to disclose both exculpatory evidence and impeachment evidence favorable to a criminal defendant. *Brady*, 373 U.S. at 87 (prosecutor's failure to disclose evidence favorable to an accused violates due process); *see also United States v. Bagley*, 473 U.S. 667, 678-84, 105 S. Ct. 3375, 87 L. Ed 2d 481 (1985) (Failure to disclose evidence that could have been used to impeach a government witness violates due process.). This constitutional duty to disclose exists even if the governmental record is exempt from disclosure under a state statute. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 57, 107 S. Ct. 989, 94 L. Ed. 2d 40 (1987).

Therefore, even if Officer Sheats's polygraph report is exempt from dissemination under the PRA, the respondent cities and counties are required to disclose it to defense counsel in cases where the polygraph report would qualify as exculpatory evidence or impeachment evidence favorable to the criminal defendant.

2. *Enjoining dissemination of redacted police report to persons making a PRA request*

Officer Sheats argues that the trial court erred when it refused to enjoin dissemination of his redacted polygraph report to persons making a PRA request. He argues the report is exempt from dissemination.

Whether a particular exemption of the PRA applies is a question of law that we review de novo. *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 428, 327 P.3d 600 (2013) (citing RCW 42.56.550(3); *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 271, 884 P.2d 592 (1994)). "Courts shall take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.56.550(3). Courts should construe exemptions to the PRA narrowly to allow the PRA's purpose of open government to prevail when possible. *Ameriquest Mortg. Co. v. Office of Att'y Gen.*, 177 Wn.2d 467, 487, 300 P.3d 799 (2013) (citing RCW 42.56.030). The party attempting to prevent dissemination of the public record has the burden of proving that the exemption applies. *Ameriquest*, 177 Wn.2d at 486-87.

Officer Sheats argues that RCW 42.56.250(2) exempts dissemination of a pre-employment polygraph report. We agree. RCW 42.56.250 provides in relevant part:

> The following employment and licensing information is exempt from public inspection and copying under this chapter:
> . . . .
> (2) All applications for public employment, including the names of applicants, resumes, *and other related materials submitted with respect to an applicant*.

(Emphasis added.)

16

Any law enforcement officer who receives a conditional offer of employment must submit to a background investigation (including a check of criminal history), a psychological examination, and a polygraph test. RCW 43.101.095(2)(a). The purpose of these requirements is "to determine the applicant's suitability for employment." *Id.* The results of the polygraph test are part of the materials submitted with respect to the applicant. Even construing RCW 42.56.250(2) narrowly, we conclude that the exemption applies here.

Respondents counter that the exempt status of a record is not dispositive of whether dissemination should be enjoined. We agree.

"[F]inding [that] an exemption applies under the PRA does not ipso facto support issuing an injunction." *Lyft, Inc. v. City of Seattle*, 190 Wn.2d 769, 786, 418 P.3d 102 (2018). In order to enjoin dissemination of an exempt record, the party attempting to prevent dissemination must show that "disclosure would clearly not be in the public interest, and would substantially and irreparably damage any person or would substantially and irreparably damage vital government functions." *Id.* at 785 (citing RCW 42.56.540).

Officer Sheats's redacted polygraph report contains numerous admissions of theft and dishonesty. Washington public policy favors hiring and retaining law abiding peace

17

officers. This policy is legislatively recognized in RCW 43.101.095's requirement that peace officers submit to a background check (including a check of criminal history), a psychological evaluation, and a polygraph test to determine their suitability for employment. The public has an interest in knowing if a current peace officer is a law abiding person.[3] Officer Sheats is unable to establish that dissemination of his redacted polygraph report would clearly not be in the public's interest.

We conclude that the trial court correctly denied Officer Sheats's request for a permanent injunction.

### 3. *Dissemination would not violate right to privacy*

Officer Sheats claims that his right to privacy under RCW 42.56.050 would be violated by the public dissemination of his redacted polygraph report. We disagree.

RCW 42.56.050 provides that an individual's right to privacy is violated if (1) the disclosure would be highly offensive to a reasonable person, and (2) disclosure of the record is not a matter of legitimate public concern. As noted above, Officer Sheats cannot satisfy the second prong.

---

[3] An agency need not disseminate exempt records of all officer misconduct. An isolated minor incident, or even a series of incidents before becoming an officer, is not necessarily indicative of present character. When choosing whether to disseminate an exempt record, the agency should ask whether a reasonable person would consider the record probative of the officer's present character.

18

C.     ATTORNEY FEES

The cities request an award of reasonable attorney fees.

1.     *The city of Wenatchee*

The city of Wenatchee seeks attorney fees for its efforts for procuring the dismissal of the TRO at the trial court.  It cites *Cecil v. Dominy*, 69 Wn.2d 289, 418 P.2d 233 (1966).

In Washington, attorney fees are not available as costs or damages absent a contract, statute, or recognized ground in equity.  *City of Seattle v. McCready*, 131 Wn.2d 266, 273-74, 931 P.2d 156 (1997).  The court in *Cecil* held that attorney fees are recoverable in an action where a trial on the merits has for its sole purpose the determination of whether an injunction should be dissolved, the injunction is dissolved, and a trial was the sole procedure available to the party attempting to dissolve the temporary injunction.  69 Wn.2d at 293.  The rationale for this equitable remedy is that the only action to be taken by the enjoined party is legal action to dissolve the injunction and a wrongfully enjoined party should be awarded damages.  *McCready*, 131 Wn.2d at 278 (citing *Cecil*, 69 Wn.2d at 291-92).

Officer Sheats responds that the city of Wenatchee did not request attorney fees at the trial court level and, therefore, waived its right to recover fees.  We agree.

19

In general, an argument not raised in the trial court is waived on appeal.

RAP 2.5(a). "While an appellate court retains the discretion to consider an issue raised

for the first time on appeal, such discretion is rarely exercised." *Karlberg v. Otten*, 167

Wn. App. 522, 531, 280 P.3d 1123 (2012) (citing *Smith v. Shannon*, 100 Wn.2d 26, 38,

666 P.2d 351 (1983)). We decline to review this unpreserved claim of error.

### 2. *The city of East Wenatchee*

The city of East Wenatchee requests attorney fees and costs under RAP 18.1,

RAP 14.3, and RAP 18.9(a).

RAP 18.1 sets forth the requirements to request attorney fees when such fees are

permitted by applicable law. East Wenatchee has not cited to an applicable law that

entitles it to attorney fees in responding to this appeal.

RAP 14.3 provides for the recovery of certain expenses to the prevailing party.

The respondent cities and counties have substantially prevailed on appeal and are entitled

to recover allowable costs. We defer a decision on such an award to our commissioner or

clerk.

RAP 18.9(a) permits this court to award a prevailing party reasonable attorney fees

for responding to a frivolous appeal. An appeal is frivolous if there are no debatable

issues on which reasonable minds might differ. *Kinney v. Cook*, 150 Wn. App. 187, 195,

208 P.3d 1 (2009). Here, we agreed with Officer Sheats that the lower court had subject matter jurisdiction, that the parties waived their defense of lack of personal jurisdiction, and that his polygraph report was exempt from disclosure under RCW 42.56.250(2). His appeal, therefore, was not frivolous.

Affirmed.

_Lawrence-Berrey, C.J._

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.          .(result only)